BETTY E. SHERWOOD v. ROBERT SHERWOOD

No. 758DC868

(Filed 7 April 1976)

1. **Appeal and Error § 57— failure of court to find facts and make conclusions — presumption**
   It is presumed, when the trial court is not required to find facts and make conclusions of law and does not do so, that the court on proper evidence found facts to support its judgment.

2. **Divorce and Alimony § 2; Process § 9— alimony action — nonresident defendant — service by registered mail — no personal jurisdiction**
   In an action for alimony. wherein plaintiff alleged that defendant abandoned her and went to Delaware, the trial court did not, under the provisions of G.S. 1-75.4(1), obtain personal jurisdiction over the defendant by virtue of plaintiff's mailing to him copies of summons and complaint by registered mail, return receipt requested, since plaintiff by admission established that defendant was not domiciled within N. C., plaintiff having admitted that defendant was not "an inhabitant of this State."

3. **Divorce and Alimony § 2; Process § 9— alimony action — abandonment alleged — injury to person occurring within N. C. — personal jurisdiction over nonresident defendant**
   An action for alimony on the ground of abandonment is a claim of "injury to person or property" under G.S. 1-75.4(3), and the trial court could thus obtain personal jurisdiction of the nonresident defendant by registered mail.

4. **Constitutional Law § 24; Divorce and Alimony § 2; Process § 9— nonresident defendant — abandonment of wife in N. C. — minimum contacts sufficient for personal jurisdiction**
   In an action for alimony on the ground of abandonment, subjecting the nonresident defendant to personal jurisdiction by serving summons and complaint on him by registered mail complied with the

Sherwood v. Sherwood

requirements of due process in that the acts of defendant in residing with his wife in the State, abandoning his wife in the State, and fleeing the State following wilfull misconduct met the "minimum contacts" test.

APPEAL by defendant from *Nowell, Judge.* Judgment entered 12 August 1975 in District Court, WAYNE County. Heard in the Court of Appeals 17 February 1976.

Plaintiff-wife brought this action against defendant-husband under G.S. 50-16 for alimony, alleging that they were married and resided together in Wayne County for almost two years until 11 September 1973 when defendant abandoned her and went to Delaware. Copies of summons and complaint were received personally by defendant in Delaware by certified mail on 28 November 1973. An alimony pendente lite order was entered on 17 January 1974, set aside on 2 March 1974 and another order entered on 25 March 1974. On 14 May 1975 plaintiff moved to hold defendant in contempt for failure to make the required payments. This motion and an order setting a hearing on the motion were served on defendant personally by the Sheriff of Kent County, Delaware, 27 June 1975. On 14 July 1975, defendant moved to dismiss the complaint for lack of jurisdiction, insufficiency of process, and insufficiency of service of process. This motion was denied and defendant appealed.

*Roland C. Braswell for plaintiff appellee.*

*Cecil P. Merritt for defendant appellant.*

CLARK, Judge.

As grounds for his motion to dismiss, defendant alleged "for lack of jurisdiction over the person . . . for lack of jurisdiction over the subject matter . . . for insufficiency of process . . . . " The order of the trial court recited only that there was a hearing on the motion to dismiss and "the same is hereby denied." The court is required to make findings of fact and conclusions of law on this motion "only when required by statute . . . or requested by a party." G.S. 1A-1, Rule 52 (a) (2). No request was made in this case. The record on appeal does not contain any evidence presented by either party at the hearing on the motion.

[1] It is presumed, when the Court is not required to find facts and make conclusions of law and does not do so, that the

court on proper evidence found facts to support its judgment. *Williams v. Bray,* 273 N.C. 198, 159 S.E. 2d 556 (1968) ; *Powers v. Memorial Hospital,* 242 N.C. 290, 87 S.E. 2d 510 (1955).

The plaintiff is aided by the principle of *omnia rite acta praesumuntur* as well as the prima facie presumption of rightful jurisdiction which arises from the fact that a court of general jurisdiction has acted in the matter. *Williamson v. Spivey,* 224 N.C. 311, 30 S.E. 2d 46 (1944) ; 21 C.J.S., Courts, § 96(a).

Nevertheless, we must determine as a matter of law if the manner of service of process on the defendant outside the State gave the court personal jurisdiction over the defendant which would support a judgment in personam for payment of alimony. Service of process was made on the defendant in Delaware under G.S. 1A-1, Rule 4(j) (9) (b), which provides for personal service outside the State "by mailing a copy of the summons and complaint, registered mail, return receipt requested, addressed to the party to be served." But this long-arm manner of personal service may be made in a court of this State having jurisdiction of the subject matter and *grounds for personal jurisdiction as provided in G.S. 1-75.4.* G.S. 1-75.4 provides in part:

"A court . . . has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

(1)  Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:

.   .   .   .

b. Is a natural person domiciled within this State; or

.   .   .   .

(3)  Local Act or Omission.—In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant. . . . "

**[2]**   Under the circumstances in this case it appears that the above quoted grounds are the only applicable grounds for ob-

Sherwood v. Sherwood

taining personal jurisdiction over the defendant in this case. And it appears from the record on appeal that plaintiff by admission has established that defendant was not "domiciled within this State." The allegation in the complaint that defendant "was a resident of Wayne County, North Carolina, but is now living in the State of Delaware" is not a pleading admission that defendant was domiciled in Delaware. But in mailing a copy of the summons and complaint to the defendant in Delaware the plaintiff's attorney included a "Notice," which he signed, and in which he stated, "that since you are not now an inhabitant of this State and cannot be found within this State . . . . " Though this "Notice" is not a verified pleading, and is not even required by G.S. 1A-1, Rule 4(j), it is an admission which is a part of the record in the case and plaintiff is bound by it, and is precluded from controverting this admitted fact of defendant's habitation in Delaware. See *Markham v. Johnson,* 15 N.C. App. 139, 189 S.E. 2d 588 (1972).

Both the words "domicile" and "inhabitant" mean substantially the same thing; one is an inhabitant of or domiciled in a given place if he resides there actually and permanently. 43 C.J.S., Inhabitant, p. 388; *Martin v. Martin,* 253 N.C. 704, 118 S.E. 2d 29 (1961).

"Domicile" being thus eliminated as a ground for jurisdiction over the person, we turn now to determine if the court had personal jurisdiction under G.S. 1-75.4(3), the above quoted "Local Act or Omission" statute. The plaintiff-wife alleged that the defendant-husband lived with her in Wayne County for almost two years, then abandoned her on 11 September 1973 and went to Delaware.

[3] An action under G.S. 50-16.2 for permanent alimony based on abandonment involves the withdrawal of the supporting spouse from the house and from cohabitation with the dependent spouse. 1 Lee, N. C. Family Law, § 80. The term "injury to the person or property" as used in G.S. 1-75.4(3) should be given a broad meaning consistent with the legislative intent to enlarge the concept of personal jurisdiction to the limits of fairness and due process, which negates the intent to limit the actions thereunder to traditional claims for bodily injury and property damages. In *Golding v. Taylor,* 19 N.C. App. 245, 198 S.E. 2d 478 (1973), it was held that an action for alienation of affections and criminal conversation involved "injury to the person or property" within the meaning of the statute. Both the

actions, alienation of affections and the action for alimony on the grounds of abandonment, involve wrongs willfully inflicted and the deprivation of marital companionship and cohabitation. We hold that an action for alimony on the ground of abandonment is a claim of "injury to person or property" under G.S. 1-75.4(3).

Plaintiff-wife and defendant-husband resided in this State and lived together as husband and wife in this State for almost two years. The plaintiff's claim arose out of the act of abandonment within the State by the defendant. This action comes within G.S. 1-75.4(3) in all respects.

[4] There remains for our determination the question of whether under the circumstances of this case subjecting the defendant to personal jurisdiction complies with the requirements of due process. The "minimum contacts" test applied in *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L.Ed. 95 (1945), for the assertion of personal jurisdiction over nonresident corporations has been extended to individuals by statutes, which have been held to meet constitutional requirements by the courts. If the act of operating a motor vehicle on the public highways within the State (G.S. 1-105), held constitutional in *Bigham v. Foor,* 201 N.C. 14, 158 S.E. 548 (1931), meets the "minimum contacts" test, we think that the acts of residing with a wife in the State, an abandonment of the wife in the State, and fleeing the State following willful misconduct meets the "minimum contacts" test and gives the court personal jurisdiction over the defendant. We must presume that the trial court in proper evidence found as facts the foregoing acts by the defendant within the State, and we hold that these facts support the order of the trial court denying defendant's motion to dismiss.

Though this ruling expands the concept of personal jurisdiction, the expansion is limited by the particular circumstances of this case relative to defendant's acts and contacts within the State in addition to the domicile of the plaintiff-spouse as a jurisdictional basis.

The order denying defendant's motion to dismiss is

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.