MARION E. BROWN v. HOWARD R. BROWN

No. 804DC97
No. 804DC98

(Filed 17 June 1980)

1. **Rules of Civil Procedure § 52– findings and conclusions – necessity for request**

    Absent a request, the court is not required to find facts and make conclusions of law.

2. **Constitutional Law § 24.7; Divorce and Alimony § 2; Process § 9– nonresident defendant – abandonment of wife in N.C. – minimum contacts sufficient for personal jurisdiction**

    The trial court obtained personal jurisdiction over the nonresident defendant in an action for alimony based on abandonment and for child custody and support where defendant was served with process by registered mail, since an action for alimony on the ground of abandonment was a claim of "injury to person or property" under the long-arm statute, G.S. 1-75.4(3), and defendant's acts of living with and abandoning plaintiff wife in this State met the "minimum contacts" test.

3. **Rules of Civil Procedure § 5– general appearance – service of order on attorney**

    Defendant made a general appearance in an alimony and child custody and support action by filing an answer and counterclaim, and a contempt show cause order was properly served on defendant by hand delivery to his attorney. G.S. 1A-1, Rule 5(b).

4. **Divorce and Alimony § 27– attorney fees – insufficient findings**

    · The trial court erred in ordering defendant to pay $100 to plaintiff's attorney for services in bringing contempt proceedings based on defendant's failure to comply with an alimony *pendente lite* and child support order where the court failed to make findings of fact upon which a determination of the reasonableness of the fees can be based, such as the nature of the services rendered and the skill and time required.

APPEAL by defendant from *Henderson, Judge.* Orders entered 16 August 1979 in District Court, ONSLOW County. Heard in the Court of Appeals 4 June 1980.

This is an action for divorce from bed and board, alimony, and child custody and support, brought by a resident of North Carolina against her nonresident husband. The complaint alleged desertion and abandonment of plaintiff by defendant without justifiable cause. The parties stipulated that defendant was served a copy of the complaint and summons by certified mail, restricted delivery, and that defendant signed the return receipt in Cape May, New Jersey.

In his answer and counterclaim, defendant asserted the defense of lack of jurisdiction over the persons of plaintiff and defendant and lack of jurisdiction over the subject matter. Defendant's counsel filed an entry of appearance, purportedly limiting his appearance to "determining the jurisdictional issues only." Plaintiff replied and moved the court for an order awarding her alimony pendente lite, custody of the two minor children and child support during the pendency of the action, and attorney's fees of $500. After hearing on plaintiff's motion, the court, on 2 April 1979, made findings of fact and conclusions of law and awarded plaintiff custody of the children, child support, household furniture under defendant's control in New Jersey, and attorney's fees of $200. In this order, the court also found that defendant had been properly served and concluded that the court had jurisdiction over the parties and the subject matter of this case. The order also found that the parties have agreed to a disposition of the tax refund and requested it be made a part of the order. Defendant did not object to these findings and did not enter notice of appeal from this order within ten days after its entry. Eighteen days after entry of this order, defendant filed a motion to dismiss for lack of personal and subject matter jurisdiction.

On 24 May 1979, after hearing upon verified motion and affidavit of plaintiff seeking a contempt show cause order, Judge Henderson found that such an order should issue. On 16 August 1979 the judge, after evidence and arguments of counsel had been presented, found defendant in willful contempt of

court for his failure to comply with the order of 2 April 1979 and ordered defendant to pay $100 to plaintiff's attorney for services rendered in bringing the contempt proceedings. Defendant appeals from this order. Furthermore, on 16 August the judge denied defendant's motion to dismiss; defendant appeals from this ruling also.

Although separate records and two sets of briefs were filed in this action, we decide the two appeals in one opinion.

*E. C. Collins for plaintiff appellee.*

*Patrick M. Donley for defendant appellant.*

MARTIN (Harry C.), Judge.

[1] In one of his briefs, defendant argues that the court erred in denying his motion to dismiss this action for lack of jurisdiction over the person of the defendant and lack of jurisdiction over the subject matter. His first contention is that because the court failed to make findings of fact and conclusions of law as required on any motion when requested by a party to that motion, N.C.G.S. 1A-1, Rule 52(a)(2), was not complied with. The record discloses that no findings of fact or conclusions of law were made by the court in denying defendant's motion to dismiss, but, more significantly, the record fails to show that defendant requested such findings and conclusions. Absent request, the court is not required to find facts and make conclusions of law. If the court does not do so in this situation, it is presumed that the court on proper evidence found facts to support its judgment. *Williams v. Bray,* 273 N.C. 198, 159 S.E. 2d 556 (1968); *Sherwood v. Sherwood,* 29 N.C. App. 112, 223 S.E. 2d 509 (1976).

[2] Defendant's additional contention is that jurisdiction over a nonresident that would be sufficient to authorize a North Carolina court to render a personal judgment against him for alimony, child support and attorney's fees can be acquired only by personal service of process within the territorial jurisdiction of the court. This contention cannot be upheld. This Court has previously determined that when defendant personally re-

ceives by registered mail in another state copies of the summons and complaint, this manner of service of process gives the court of North Carolina personal jurisdiction over the defendant which will support a judgment in personam for payment of alimony. *Sherwood, supra.* The Court reached this conclusion after holding that an action for alimony on the ground of abandonment is a claim of "injury to person or property" under N.C.G.S. 1-75.4(3). Because such an action is grounds for personal jurisdiction under N.C.G.S. 1-75.4, the long-arm manner of personal service provided under Rule 4(j)(9)(b) may be utilized. Furthermore, under the circumstances of the *Sherwood* case, the court found that the "minimum contacts" test had been met and that due process had been satisfied. Because the circumstances of this case are essentially identical to those of *Sherwood*, we hold that the service of process on defendant, a nonresident, by certified mail, gave the court personal jurisdiction over him which will support the order for alimony pendente lite, custody, and child support.

Moreover, we think that by defendant's participation in the 2 April 1979 hearing, his agreement with plaintiff as to a disposition of the tax refund for 1978, and his desire that it be incorporated into the 2 April order, he submitted himself to the jurisdiction of the court.

In his other brief, defendant assigns as errors certain findings of fact and conclusions of law made by Judge Henderson in the order adjudicating defendant to be in willful contempt of court. Defendant continues to argue that the order of 2 April 1979 should never have been entered because the court lacked personal jurisdiction over defendant. Because we have held that the court did have personal jurisdiction over defendant, the finding of fact that an order was entered on 2 April 1979 requiring defendant to pay $400 per month for child support and $200 for attorney's fees is supported by competent evidence, perhaps the most competent evidence ever available — the actual inclusion of the order in the record, with its date and specific provisions. The finding, therefore, is conclusive on appeal. *General Specialties Co. v. Teer Co.,* 41 N.C. App. 273, 254 S.E. 2d 658 (1979).

**[3]** Similarly, the findings that the order to show cause was duly served on defendant and that plaintiff and defendant were both represented by counsel at the hearing on the order are supported by the record. Defendant attempts to persuade us that because his attorney made a limited entry to determine jurisdictional issues only, "service of any other matters must be made personally upon the Defendant and may not be served to the attorney of record who has limited his appearance." The law in North Carolina fails to support this argument. By filing an answer and counterclaim, defendant made a general appearance in this action. A general appearance has consistently been defined as "one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person." *In re Blalock*, 233 N.C. 493, 504, 64 S.E. 2d 848, 856, 25 A.L.R. 2d 818, 828 (1951); *Swenson v. Thibaut*, 39 N.C. App. 77, 250 S.E. 2d 279 (1978), *disc. rev. denied, appeal dismissed*, 296 N.C. 740, 254 S.E. 2d 182 (1979). Because defendant's appearance was general, service upon him of copies of the order to show cause by hand delivery to his attorney, which service is reflected in the record, complied with N.C.G.S. 1A-1, Rule 5(b), and was therefore valid.

Defendant excepted to the court's finding that defendant had failed to make payments required by the order and was in arrears of $600 for child support and $200 for attorney's fees. The affidavit of plaintiff competently supports this finding of fact. As mentioned earlier in this opinion, defendant failed to timely appeal from the 2 April 1979 order; therefore, the award of attorney's fees to plaintiff, included in that order, cannot now be contested.

**[4]** Finally, defendant excepted to the finding that plaintiff's attorney had rendered valuable legal services to plaintiff in bringing the contempt proceedings, with a value of no less than $100. This finding in turn underlies the award of $100 attorney's fees to plaintiff's counsel. Defendant's assignment of error based upon this exception must be sustained. An award of attorney's fees here cannot be upheld where the court failed to make findings of fact upon which a determination of the reason-

ableness of the fees can be based, such as the nature and scope of the legal services rendered, and the skill and time required. *Powell v. Powell*, 25 N.C. App. 695, 214 S.E. 2d 808 (1975). The conclusory finding that plaintiff's attorney had rendered "valuable" legal services fails to qualify as a finding upon which a determination of the reasonableness of the $100 fee can be based.

The assignment of error based on defendant's exception to the conclusion of law that his failure to make payments under the 2 April 1979 order "has been willful and without legal justification or excuse" cannot be sustained. The court's finding of fact that "defendant has been gainfully employed on a full-time basis and has had no change in his income or expenses which would justify a refusal to pay the support and attorney fees as ordered" was not excepted to by defendant. It is therefore presumed to be supported by the evidence and is binding on appeal. *James v. Pretlow*, 242 N.C. 102, 86 S.E. 2d 759 (1955). Moreover, the finding supports the conclusion of law based upon it.

The court's denial of defendant's motion to dismiss for lack of personal jurisdiction is affirmed.

The court's order finding defendant in willful contempt of court is affirmed. The award of attorney's fees to plaintiff's counsel in bringing the contempt proceedings is vacated.

Judges WEBB and WELLS concur.