IN THE MATTER OF THE ESTATE OF ANGELIKA KATSOS, DECEASED

No. 8620SC814

(Filed 17 March 1987)

**Executors and Administrators § 37— refusal of deceased's son to account for assets —attorney's fees—right of administrators to recover from deceased's son**

The co-administrators of deceased's estate could properly recover attorney's fees from deceased's son where the co-administrators prepared numerous motions and attended a series of hearings and appeals in order to compel deceased's son to account for certain property of his mother's estate;

In re Estate of Katsos

the co-administrators would have incurred none of these costs had the son provided an accounting as initially ordered; and the administrators incurred these legal costs in their efforts to protect the estate. Furthermore, the amount awarded was supported by competent evidence where the administrators provided the clerk with an extensive list of legal services performed which were beyond the ordinary duties of co-administrators, and the list included the date each service was provided as well as what that service entailed. N.C.G.S. § 28A-15-12(c).

APPEAL by respondent from *Cornelius, Judge*. Order entered 2 June 1986 in Superior Court, MOORE County. Heard in the Court of Appeals 7 January 1987.

On 3 May 1979, the co-administrators of the Estate of Angelika Katsos filed a petition for discovery of assets. The petition requested that Tim Katsos, the son of the decedent, appear before the Clerk of Superior Court to answer questions concerning the possession of assets from his mother's estate. The order from this petition required Tim Katsos either to account for the assets or to deliver $34,150.00 to the co-administrators within thirty days. If he failed to do so, he would be subject to contempt. Tim Katsos appealed the order to the superior court, which dismissed the appeal. The court found him guilty of civil contempt for failure to comply with the order and remanded the case to the clerk. On remand, the clerk again ordered him to pay the $34,150.00.

As of 30 September 1983, Katsos had still not paid the $34,150.00. On that date, the co-administrators moved for a hearing to enact the previous orders of the court and to determine the costs, including attorney's fees, to be assessed against Tim Katsos. The co-administrators prepared a "Petition for Counsel Fees" to recover the costs of the proceeding as provided in N.C.G.S. § 28A-15-12(c). The petition enumerated the necessary legal services they had rendered on behalf of the estate.

On 18 November 1983, the clerk ordered Katsos jailed until he paid the $34,150.00 as previously ordered. The clerk further ordered that he pay $5,000.00 in costs which included attorney's fees. Katsos appealed to the superior court and moved to deny the petition for attorney's fees. The superior court affirmed the clerk's order and ordered Katsos jailed unless he paid the $5,000.00 immediately. From that order, Katsos appealed.

*Max D. Ballinger, attorney for respondent appellant.*

*Brown, Fox & Deaver, by Bobby G. Deaver and Hoyle & Hoyle, by Kenneth R. Hoyle, attorneys and co-administrators for petitioner appellees.*

ORR, Judge.

Katsos asserts that no statutory authority exists under N.C.G.S. § 28A-15-12(c) for the assessment of attorney's fees. We do not agree.

The general rule in North Carolina is that, in the absence of statutory authority, a court may not allow attorney's fees as part of the costs recoverable by a successful party in a civil action. *Hicks v. Albertson*, 284 N.C. 236, 238, 200 S.E. 2d 40, 42 (1973).

N.C.G.S. § 28A-15-12(c) provides that "[t]he party against whom the final judgment is rendered shall be adjudged to pay the costs of the proceedings hereunder."

Tim Katsos is the "party against whom final judgment has been rendered." The "costs of the proceedings" include the necessary legal services provided by the co-administrators. These services involved the preparation of numerous motions and required the co-administrators to attend a series of hearings and appeals. These services were all necessary in order to compel Katsos to account for certain property of his mother's estate. The co-administrators would have incurred none of these costs had Katsos provided an accounting as initially ordered. The administrators incurred these legal costs in their efforts to protect the estate, and therefore such costs should be recoverable.

Katsos further contends that if attorney's fees were recoverable, the amount awarded is not supported by competent evidence and therefore should be set aside. We disagree.

An award of attorney's fees cannot be upheld in the absence of findings by the court upon which a determination of the reasonableness of the fees can be based, such as the nature and scope of the legal services rendered and the skill and time required. *Brown v. Brown*, 47 N.C. App. 323, 327-28, 267 S.E. 2d 345, 348 (1980). The co-administrators provided the clerk with sufficient information upon which she could make a reasonable award. In

their "Petition for Counsel Fees," the co-administrators stated that they had represented the estate not only as co-administrators, but also as attorneys and had rendered services beyond that ordinarily required by co-administrators. The petition included an extensive list of the legal services performed which were beyond the ordinary duties of co-administrators. The list included the date each service was provided, as well as what that service entailed. The following is an excerpt from that list:

> August 14, 1980 — No compliance [by Katsos], motion filed to show cause and appoint person to act in Tim Katsos' behalf.

> August 29, 1980 — Hearing held on motions, Katsos and counsel appeared to contest.

The petition adequately explains the nature and scope of the legal services provided by the co-administrators and is competent evidence on which to base an award.

Katsos asserts that the trial court improperly awarded attorney's fees as a sanction for contempt. This argument has no merit.

Attorney's fees were never awarded as a sanction for contempt as Katsos suggests. Katsos was found in contempt for the nonpayment of the $34,150.00. The clerk ordered him to pay $5,000.00 in costs, including attorney's fees. This award of attorney's fees, however, was entered as a result of the co-administrators' petition, not as a sanction for contempt.

Katsos' contention that the trial court erred in refusing to grant him equitable relief from the award of attorney's fees is also without merit.

The denial of defendant's motion was a proper exercise of the trial judge's discretion. A discretionary order of the trial court is conclusive on appeal in the absence of abuse or arbitrariness. *Highway Commission v. Hemphill*, 269 N.C. 535, 537, 153 S.E. 2d 22, 25 (1967). No abuse of discretion has been shown.

Finally, Katsos argues that the trial court erred in refusing to grant him a stay of execution and in requiring him to pay the $5,000.00 immediately. This too was a matter for the trial court's discretion. As no abuse has been shown, we find that the trial court properly exercised its discretionary power.

---

The award of attorney's fees was proper and the amount awarded was supported by competent evidence. Therefore, we affirm.

Affirmed.

Judges ARNOLD and PHILLIPS concur.