STEVE CARSON AND PATTIE CARSON, PLAINTIFFS v. KENNETH R. BRODIN AND MASONITE CORPORATION, DEFENDANTS

No. COA02-1294

(Filed 16 September 2003)

**1. Appeal and Error— appealability—denial of motion to dismiss—challenge to jurisdiction**

The denial of a motion to dismiss was immediately appealable where the motion specifically challenged the jurisdiction of the court over defendant's person. N.C.G.S. § 1-277(b).

**2. Jurisdiction— long-arm—contract to build house in Virginia**

Plaintiffs sufficiently alleged contacts with North Carolina to give the court personal jurisdiction over defendant in an action arising from a contract with a Greensboro couple to build a house in Virginia. N.C.G.S. § 1-75.4(4)(a).

**3. Jurisdiction— minimum contacts—contract to build house in Virginia**

There were sufficient minimum contacts to establish specific jurisdiction and satisfy due process where defendant entered into a contract with North Carolina residents to build a house in Virginia; that contract was executed in North Carolina; defendant made numerous telephone calls and mailings to North Carolina during the contract negotiations and throughout the three-year construction period; defendant visited plaintiffs in North Carolina two or three times; and defendant sent bills to North Carolina which were paid from plaintiffs' North Carolina bank account.

Appeal by defendant Kenneth R. Brodin from an order entered 26 June 2002 by Judge W. Douglas Albright in Superior Court in Guilford County. Heard in the Court of Appeals 4 June 2003.

*Pinto, Coates, Kyre & Brown, P.L.L.C., by David L. Brown and Deborah J. Bowers, for defendant-appellant Kenneth R. Brodin.*

*Forman Rossabi Black, P.A., by T. Keith Black, for plaintiffs-appellees.*

HUDSON, Judge.

Defendant Kenneth R. Brodin appeals the trial court's denial of his motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, we affirm the decision of the trial court.

BACKGROUND

Plaintiffs Steve and Pattie Carson are residents of Guilford County, North Carolina. In November 1993, they decided to build a vacation home in Virginia. They entered into a contract with defendant, a Virginia resident, to construct a home in the Water's Edge development on Smith Mountain Lake in Franklin County, Virginia.

The Water's Edge developer maintains a builder referral list for individuals who are interested in purchasing a lot in the community and having a qualified local builder build their residence. Prior to November 1993, defendant was listed as a qualified builder on the referral list. According to defendant's affidavit, this referral list was the full extent of his attempts to market his services to potential clients. His clients are typically referred to him by others based on his reputation, and he obtains clients primarily through business referrals and word of mouth. He has never had any offices, employees, or

sales representatives in North Carolina, and he has never marketed his services in North Carolina.

Plaintiffs learned about defendant by consulting the builder referral list in Virginia. The initial contact between the parties came from plaintiffs and occurred in Virginia in November 1993. Before this contact, defendant had never spoken to plaintiffs, nor had he attempted to solicit or market his services to them.

In November 1993, plaintiffs went to Virginia and signed a contract with defendant for construction of their house. After problems developed with the lot that plaintiffs had purchased, they traded lots with the developer. Defendant executed a contract to build on the new lot and mailed it to plaintiffs in North Carolina. Plaintiffs signed the new contract in North Carolina and mailed it back to defendant.

After the contract was signed, defendant visited plaintiffs in North Carolina at least twice and possibly three times to discuss the construction project. Defendant also telephoned plaintiffs in North Carolina on numerous occasions. Additionally, defendant mailed invoices to plaintiffs in North Carolina, and plaintiffs sent payments from their bank account in North Carolina. Defendant completed construction on the home in July 1996.

In June 2001, plaintiffs sued defendant for breach of contract, breach of warranty, and negligence, all relating to the construction of their home in Virginia. Plaintiffs later amended the complaint to add Masonite Corporation ("Masonite") as a defendant and to allege additional claims for relief against both defendant and Masonite. In August 2001, Masonite served a notice, pursuant to 28 U.S.C. § 1441, to remove the action to the United States District Court for the Middle District of North Carolina. Also in August 2001, defendant moved to dismiss, to transfer venue, and filed an answer to the amended complaint in the United States District Court. Along with the motion to dismiss, defendant filed an affidavit addressing his contention that his contacts in North Carolina were not sufficient to give the state personal jurisdiction over him.

In September 2001, plaintiffs filed a motion to remand the case to Guilford County Superior Court. The magistrate judge recommended that plaintiffs' motion be granted, and the case was remanded to state court on 4 February 2002. On 2 May 2002, defendant noticed a hearing on his motion to dismiss, which the parties orally argued on 4 June 2002. The trial judge denied the motion, and defendant now appeals.

ANALYSIS

[1] Before addressing the merits of defendant's claim, we note that, although defendant is appealing from the denial of a motion to dismiss, his appeal is properly before us. N.C. Gen. Stat. § 1-277 provides that:

> (b) Any interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause.

N.C. Gen. Stat. § 1-277(b) (2001). Defendant's motion specifically challenges the jurisdiction of the court over defendant's person and is thus immediately appealable. Defendant contends that the trial court erred by denying his motion to dismiss because his contacts were not sufficient with North Carolina to give the North Carolina court jurisdiction. We disagree.

[2] A court must engage in a two-part inquiry to determine whether it has personal jurisdiction over a non-resident defendant. *Better Business Forms, Inc. v. Davis*, 120 N.C. App. 498, 500, 462 S.E.2d 832, 833 (1995). First, the court must determine whether the North Carolina "long-arm" statute authorizes jurisdiction over the defendant. If it does, the court must then determine whether the exercise of jurisdiction over the defendant is consistent with due process. *Id.* The burden is on the plaintiff to establish that one of the statutory grounds for jurisdiction is applicable. *Stallings v. Hahn*, 99 N.C. App. 213, 215, 392 S.E.2d 632, 633 (1990). The long-arm statute is to be liberally construed in favor of finding jurisdiction. *Starco, Inc. v. AMG Bonding and Ins. Services*, 124 N.C. App. 332, 338, 477 S.E.2d 211, 216 (1996).

Plaintiffs contend that the courts of this State have jurisdiction over defendant under the following provisions of the North Carolina long-arm statute:

> A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) . . . of the Rules of Civil Procedure under any of the following circumstances:

> . . . .

(4) Local Injury; Foreign Act.—In any action for wrongful death occurring within this State or in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of the injury either:

(a) Solicitation or services activities were carried on within this State by or on behalf of the defendant[.]

N.C. Gen. Stat. § 1-75.4 (2001).

In order for Section 1-75.4(4)(a) to apply, the plaintiff must establish: "1) an action claiming injury to a North Carolina person or property; 2) that the alleged injury arose from activities by the defendant outside of North Carolina; and 3) that the defendant was engaging in solicitation or services within North Carolina 'at or about the time of the injury.' " *Fran's Pecans, Inc. v. Greene*, 134 N.C. App. 110, 113, 516 S.E.2d 647, 649-50 (1999) (quoting N.C. Gen. Stat. § 1-75.4(4)). The statute does not require there to be evidence of proof of such injury; the plaintiff need only allege an injury. *Godwin v. Walls*, 118 N.C. App. 341, 349, 455 S.E.2d 473, 480 (1995), *disc. review allowed*, 341 N.C. 419, 461 S.E.2d 757 (1995).

The amended complaint contains the following pertinent paragraph:

5. Prior to the signing of the contract, Brodin made numerous calls into the state of North Carolina to confer with Plaintiff and, on at least one occasion, visited the state of North Carolina to discuss and view various designs of homes located in Greensboro, North Carolina. Brodin mailed the construction contract into the state of North Carolina for review by Plaintiffs, where it was ultimately signed. . . .

In paragraphs 5, 14, 18, 25, 30, 39, 44, and 50, plaintiffs allege as to the enumerated claims that they "have been damaged" and "have incurred" or "have suffered damages" resulting from defendant's actions.

The term " ' "injury to the person or property" ' " " 'should be given a broad meaning consistent with the legislative intent to enlarge the concept of personal jurisdiction to the limits of fairness and due process, which negates the intent to limit the actions thereunder to traditional claims for bodily injury and property damages.' " *Godwin*, 118 N.C. App. at 349, 455 S.E.2d at 480 (quoting *Sherwood v.*

*Sherwood,* 29 N.C. App. 112, 115, 223 S.E.2d 509, 512 (1976)). By way of example, this Court has acknowledged that actions for damages for alienation of affections and criminal conversation constitute "injury to person or property" as denoted by N.C. Gen. Stat. § 1-75.4(3). *Golding v. Taylor,* 19 N.C. App. 245, 247, 198 S.E.2d 478, 479, *cert. denied,* 284 N.C. 121, 199 S.E.2d 659 (1973). We also have concluded that claims for loss of potential profits and damage to business reputation constitute injury under Section 1-75.4(4)(a). *Fran's Pecans,* 134 N.C. App. at 113, 516 S.E.2d at 650 (citing *Vishay Intertechnology, Inc. v. Delta International Corp.,* 696 F.2d 1062, 1067 (4th Cir. 1982)).

The allegations of the amended complaint are sufficient to bring plaintiffs' claim within the terms of Section 1-75.4(4)(a). The amended complaint alleges injury in the form of losses to plaintiffs, residents of North Carolina, as a result of breach of contract, breach of express warranty, breach of the implied warranty of habitability, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and negligence. Moreover, the complaint alleges that these local injuries were the result of acts or omissions by defendant outside of North Carolina. In addition, as required by the statute, the complaint alleges that defendant engaged in "[s]olicitation or services activities . . . carried on within this State," N.C. Gen. Stat. § 1075.4(4)(a), where it indicates that defendant negotiated and contracted with plaintiffs to build a house and by repeatedly visiting, telephoning, and billing them in North Carolina to carry out that contract.

Finally, under Section 1.75-4(4), a defendant need only be carrying on solicitation or services within North Carolina "at or about the time of the injury." Statutes used to establish personal jurisdiction are to be liberally construed in favor of establishing the existence of personal jurisdiction. *Inspirational Network, Inc. v. Combs,* 131 N.C. App. 231, 235, 506 S.E.2d 754, 757 (1998). Here, as indicated above, plaintiffs alleged that defendant made two or three visits to North Carolina in furtherance of the building of plaintiffs' home and made numerous phone calls to plaintiffs in North Carolina. These activities were alleged to have contributed to plaintiffs' injury and are proximate enough in time to fulfill the statute's requirements. *Fran's Pecans,* 134 N.C. App. at 113, 516 S.E.2d at 650. We conclude that plaintiffs sufficiently alleged contacts with the state to give the court personal jurisdiction over defendant. N.C. Gen. Stat. § 1.75-4(4)(a).

CARSON v. BRODIN

[160 N.C. App. 366 (2003)]

[3] We next consider whether the exercise of *in personam* jurisdiction satisfies due process, not offending " 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 283 (1940), *overruled as stated in Precision Const. Co. v. J.A. Slattery Co. Inc.*, 765 F.2d 114 (8th Cir. Mo. 1985)). North Carolina exercises specific jurisdiction over a party when it exercises personal jurisdiction in a suit arising out of that party's contacts within the state. *Fraser v. Littlejohn*, 96 N.C. App. 377, 383, 386 S.E.2d 230, 234 (1989). To establish specific jurisdiction, the court looks at "the relationship among the parties, the cause of action, and the forum state" to see if minimum contacts are established. *ETR Corporation v. Wilson Welding Service*, 96 N.C. App. 666, 669, 386 S.E.2d 766, 768 (1990). "The test for minimum contacts is not mechanical, but instead requires individual consideration of the facts in each case." *Fran's Pecans*, 134 N.C. App. at 114, 516 S.E.2d at 650. The activity must be such that defendant could reasonably anticipate being brought into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 62 L. Ed. 2d 490, 498 (1980). "The factors to consider for minimum contacts include: (1) the quantity of the contacts; (2) the quality and nature of the contacts; (3) the source and connection of the cause of action to the contacts; (4) the interests of the forum state; and (5) the convenience to the parties." *Fran's Pecans*, 134 N.C. App. at 114, 516 S.E.2d at 650.

Here, defendant has engaged in sufficient contacts with North Carolina. He entered into a contract with North Carolina residents that those residents executed in North Carolina. He made numerous phone calls and mailings into the state during the contract negotiations and throughout the three-year construction period. He visited plaintiffs in North Carolina two and possibly three times. Defendant sent bills into North Carolina, which were paid from plaintiffs' North Carolina bank account. By negotiating within the state and entering into a contract with North Carolina residents, defendant purposefully availed himself of the privilege of conducting activities within North Carolina with the benefits and protection of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 1298 (1958). Defendant's actions in contracting with North Carolina residents establish minimum contacts for specific jurisdiction because the actions are directly related to the basis of plaintiffs' claim. *Fran's Pecans*, 134 N.C. App. at 115, 516 S.E.2d at 651. Because we have found minimum

contacts sufficient to establish specific jurisdiction, due process is satisfied. Under these circumstances, we need not address general jurisdiction. *Id.*

Litigating this matter in North Carolina serves the best interests of both plaintiffs and the State of North Carolina. Plaintiffs live in North Carolina, executed the contract in North Carolina, and conducted much of the contract and construction negotiations and discussions in the state. "North Carolina has a manifest interest in providing its residents with a convenient forum for addressing injuries inflicted by parties out of state." *Fran's Pecans*, 134 N.C. App. at 115, 516 S.E.2d at 651. We hold that defendant has made sufficient minimum contacts to justify the exercise of personal jurisdiction in this state without violating due process. *C.f., Hanes Constr. Co. v. Hotmix & Bituminous Equip. Co.*, 146 N.C. App. 24, 552 S.E.2d 177, *per curiam rev'd*, 354 N.C. 560, 557 S.E.2d 529 (2001) (adopting Judge Campbell's dissent holding that the exercise of jurisdiction was not constitutional where no prior business activity took place in North Carolina and defendant never entered the state to negotiate or perform the parties' agreement).

## CONCLUSION

For the reasons set forth above, we affirm the decision of the trial court.

Affirmed.

Judges TIMMONS-GOODSON and STEELMAN concur.