IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-1031

Filed 18 July 2023

New Hanover County, No. 21CVD4745

JOHN REINTS, Plaintiff,

v.

WB TOWING INC., Defendant.

Appeal by Plaintiff from order entered 7 June 2022, *nunc pro tunc* 20 May 2022, by Judge Lindsey L. McKee in New Hanover County District Court. Heard in the Court of Appeals 25 April 2023.

> *John Reints, Plaintiff-Appellant pro se.*
>
> *Cranfill Sumner LLP, by Steven A. Bader, Jason R Harris, and Ryan L. Bostic for Defendant-Appellee.*

RIGGS, Judge.

John Reints (Plaintiff) appeals an amended order entered 7 June 2022, *nunc pro tunc* 20 May 2022, (hereinafter, "Amended Post-Dismissal Order") in New Hanover County District Court. The Amended Post-Dismissal Order denied Plaintiff's motion to amend the trial court's earlier order granting WB Towing, Inc.'s (Defendant) motion to dismiss for failure to join a necessary party (hereinafter, "Dismissal Order"), entered 28 March 2022. Plaintiff also appeals this Dismissal Order and three of Plaintiff's issues presented on appeal arise out of the Dismissal Order. However, this Court does not have jurisdiction to consider the Dismissal

Order, and we dismiss issues I, II, and IV, which arise out of that order. Further, we affirm the Amended Post-Dismissal Order.

## I.    FACTUAL AND PROCEDURAL HISTORY

On 3 August 2020, the 30.5-foot sailboat *Neriad*, owned by the Amphitrite Celestial Navigation Society ("the Society"), ran aground in the marsh near Wrightsville Beach, North Carolina, during Hurricane Isaias. Plaintiff, a member of the Society, discovered the boat in the marsh on 8 August 2020 and contacted Defendant to request assistance ungrounding the vessel. Defendant met Plaintiff at the location where *Neriad* was grounded to assess the boat's situation.

With Plaintiff's assistance, Defendant made multiple attempts with two towboats to tilt *Neriad* upright and pull the vessel into deeper water. While attempting to pull *Neriad* into deeper water, the force from the towline broke *Neriad's* mast. Ultimately, Defendant was unable to move *Neriad* from where it was grounded.

On 23 November 2021, Plaintiff filed a claim in New Hanover County small claims court alleging Defendant negligently broke the mast of *Neriad* when it attempted to unground the vessel. Plaintiff signed the complaint indicating that he was acting on behalf of the Society. According to Plaintiff, the cost of repairing the mast exceeded the market value of *Neriad*; therefore, the damage resulted in a constructive loss. The claim was heard in small claims court on 14 December 2021 and the magistrate entered an order on 20 December 2021 in favor of Defendant.

Plaintiff appealed the order to New Hanover County District Court on 28 December 2021 and filed an amended complaint on 18 January 2022. On 25 January 2022, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) and (7). Defendant alleged that Plaintiff was not the real party-in-interest because he did not own the vessel. Plaintiff alleges he is a member of the Society, an unincorporated association that owns the vessel and, therefore, according to N.C. Gen. Stat. § 59B-7(e), he can make a claim on behalf of the Society. On 21 March 2022, the trial court heard arguments on the motion and granted the motion to dismiss without prejudice under Rule 12(b)(7) for failure to join a necessary party—the owner of the vessel. The trial court clarified that the ruling would not preclude a claim by the owner of the vessel if filed within the statute of limitations. The trial court entered the Dismissal Order in this matter on 28 March 2022.

On 1 April 2022, Plaintiff filed with the trial court an "objection to the order entered on 25 [sic] March 2022." ("Objection") In this filing, Plaintiff argued that he had not been allowed a reasonable time for ratification of the action or joinder of the real party in interest as allowed by Rule 17 of the North Carolina Rules of Civil Procedure. N.C. R. Civ. P. 17 (2021). However, Plaintiff did not request a remedy in his filing. On the same day, Plaintiff also filed a motion to amend the order pursuant to N.C. R. Civ. P. 52(b), in which Plaintiff requested that the court set aside the order granting the motion to dismiss to allow Plaintiff additional time to file and serve

ratification of the claim by the real party in interest. (hereinafter, "Rule 52(b) motion to amend Dismissal Order")

The trial court held a hearing on 16 May 2022 to consider the Rule 52(b) motion to amend Dismissal Order. In that hearing, Plaintiff argued that the trial court did not allow reasonable time after the hearing on the motion to dismiss for ratification by the real party in interest. Defendant argued that Plaintiff was put on notice when Defendant filed its motion to dismiss that Plaintiff needed to join the vessel owner as a real party in interest; the two months between the motion and the hearing provided Plaintiff reasonable time to have the Society ratify the claim. Additionally, Defendant argued that the trial court no longer had jurisdiction to allow substitution or joinder of a party once the case was dismissed. The trial court noted that because the litigation dated back to late 2021, there was "ample opportunity" to add or substitute a party.

On 20 May 2022, the trial court entered an order dismissing the Rule 52(b) motion to amend Dismissal Order and Objection. (hereinafter, "Post-Dismissal Order") Plaintiff made an additional motion for findings of fact and conclusions of law on 20 May 2022. On 7 June 2022, the trial court entered the Amended Post-Dismissal Order, *nunc pro tunc,* with an effective date of 20 May 2022, adding a denial of Plaintiff's motion to reconsider the Post-Dismissal Order.

On 9 June 2022, Plaintiff entered a notice of appeal designating the Dismissal Order, the Post-Dismissal Order, and the Amended Post-Dismissal Order.

## II.   ANALYSIS

### A. Appellate Jurisdiction

As a threshold issue, we must determine whether Plaintiff's notice of appeal was timely and properly conferred jurisdiction on this Court such that we can consider the merits of the issues presented in his appeal. After careful consideration, we hold that this Court has jurisdiction as to the Amended Post-Dismissal Order, which subsumes the Post-Dismissal Order, but does not have jurisdiction as to the Dismissal Order.

In order to confer jurisdiction on this Court, litigants appealing from trial court decisions must comply with Rule 3 of the North Carolina Rules of Appellate Procedure. *Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000). "The provisions of Rule 3 are jurisdictional, and failure to follow the rule's prerequisites mandates dismissal of an appeal." *Id.* To comply with Rule 3, the notice of appeal must be timely, which requires that the notice is filed within thirty days of entry of the judgment. N.C. R. App. P. 3(c) (2023). However, when a party makes a proper motion for relief pursuant to Rules 50(b), 52(b), or 59 of the Rules of Civil Procedure within ten days of entry of the order or judgment, the thirty-day period for taking appeal is tolled until entry of an order disposing of the motion. N.C. R. App. P. 3(c)(2)-(3).

In Plaintiff's notice of appeal, he designates three orders entered by the trial court: (1) the Dismissal Order; (2) the Post-Dismissal Order; and (3) the Amended

Post-Dismissal Order. Because the Amended Post-Dismissal Order substitutes, as a legal matter, for the Post-Dismissal Order, we need only to address the jurisdiction of the Amended Post-Dismissal Order and the Dismissal Order.

### 1. *Jurisdiction for the Dismissal Order.*

First, we address whether this Court has jurisdiction over the Dismissal Order entered 28 March 2022. The notice of appeal was entered on 7 June 2022, more than thirty days after this Dismissal Order was entered—thus, the notice of appeal was not timely under N.C. R. App. P. 3(c). Plaintiff argues that he filed a timely motion under Rule 52(b) of the Rules of Civil Procedure, which tolled the time for filing a notice of appeal until the trial court entered the Post-Dismissal Order. Plaintiff is correct that a *proper* motion for relief under Rule 52(b) of the Rules of Civil Procedure does toll the thirty-day period for taking an appeal. N.C. R. App. P. 3(c)(3). However, to determine if the motion is proper such that it actually tolls the time for entering a timely notice of appeal, we must consider whether the motion requested relief provided by Rule 52 of the Rules of Civil Procedure.

The analysis used to determine whether the Rule 52(b) motion is properly made and thus tolls the time for appeal essentially tracks the analysis required to address the merits of one of Plaintiff's issues on appeal: whether the trial court abused its discretion in denying the Rule 52(b) motion to amend Dismissal Order. Our conclusion that the Rule 52(b) motion to amend Dismissal Order did not toll the

time for entering a notice of appeal will likewise lead us to the conclusion, below, that the trial court did not abuse its discretion when it denied the motion.

To understand why Plaintiff's Rule 52(b) motion was not proper under Rule 52 and did not toll the time for entering appeal, we must first look to the purpose of Rule 52. The primary purpose of this rule is to ensure that the trial court documents factual findings and conclusions of law so that the appellate court has a correct understanding of the factual issues determined by the trial court. *Parrish v. Cole*, 38 N.C. App. 691, 694, 248 S.E.2d 878, 879 (1978). However, a trial court is only required to make findings of fact and conclusions of law on a motion "when required by statute . . . or requested by a party." *Sherwood v. Sherwood*, 29 N.C. App. 112, 113, 223 S.E.2d 509, 510 (1976); N.C. R. Civ. P. 52(a)(2) (2021). If a party wants the trial court to amend the findings prior to appeal, Rule 52(b) allows a party to make a motion, not later than ten days after entry of judgment for the court, to request that the trial court *amend its findings or make additional findings*. N.C. R. Civ. P. 52(b) (2021) (emphasis added). If the court makes or amends its findings, the court *may* amend the judgment accordingly. *Id.* (emphasis added).

When a trial court grants a dismissal for failure to join a necessary party, that dismissal is not an adjudication on the merits, and thus findings of fact are not necessary or even warranted. N.C. R. Civ. P. 41(b) (2021). In dismissing for failure to join a necessary party, the trial court is not acting as a fact finder and resolving

factual disputes; the trial court is only saying that all the parties *necessary* for the litigation have not properly been brought into the litigation yet.

There are two problems with Plaintiff's motion. First, Plaintiff's motion for amended order pursuant to N.C. R. Civ. P. 52(b) did not request that the court make additional findings or amend the order based upon additional or amended findings. The Rules of Civil Procedure did not require the trial court here to make findings of fact to resolve the motion to dismiss for failure to join a necessary party. At the time the trial court was considering that motion to dismiss, neither Plaintiff nor Defendant requested that the trial court make factual findings.

Second, Plaintiff's motion requested that the trial court set aside the Dismissal Order to allow him additional time to file ratification by the necessary party in interest. A ratification at this stage would have only functioned as an amended complaint after the trial court dismissed the case and lost jurisdiction. This Court has held that amendment of the complaint after dismissal under Rule 12(b)(6) is not permitted as a matter of right. *Johnson v. Bollinger*, 86 N.C. App. 1, 7, 356 S.E.2d 378, 382 (1987). We discern no difference that would allow amendment of the complaint as a matter of right after dismissal under Rule 12(b)(7). Rule 52(b) was not designed to provide a backdoor to late amendment of a complaint. We thus hold that Plaintiff's Rule 52(b) motion was not authorized under the Rule and therefore, did not toll the time for making a notice of appeal.

For this reason, we must dismiss as untimely Plaintiff's issues on appeal I, II and IV, which arise out of the Dismissal Order.

### 2. *Jurisdiction over the Amended Post-Dismissal Order.*

Second, we address the Amended Post-Dismissal Order. In entering the Amended Post-Dismissal Order, the trial court added a denial of Plaintiff's motion to reconsider to the denial of Plaintiff's motion to amend the Dismissal Order and Objection, presumably to ensure that all motions in this matter were resolved. The court entered the order "*nunc pro tunc* 20 May 2022",[1] meaning that the Amended Post-Dismissal Order had the same effective date as the Post-Dismissal Order and took the place of the Post-Dismissal order.

In accordance with Rule 3 of the Rules of Civil Procedure, Plaintiff filed his notice of appeal on 9 June 2022, within thirty days of the effective date of the amended order. Therefore, we hold that this Court has jurisdiction over the Amended Post-Dismissal Order.

### B. Denial of Rule 52(b) motion to amend the Dismissal Order.

Based upon our jurisdiction over the Amended Post-Dismissal Order, we turn our consideration to the only issue on appeal arising out of this order, which is whether the trial court abused its discretion when it denied this Rule 52(b) motion to amend the Dismissal Order. Relying upon our prior analysis on the propriety of this

---

[1] A *nunc pro tunc* order is an entered order with retroactive effect.

Rule 52(b) motion *supra*, we hold that the trial court did not abuse its discretion when it denied Plaintiff's request to amend the Dismissal Order.

Because Rule 52(b) uses permissive language such that the trial court *may* amend its findings or *may* amend the judgment accordingly, the rule allows the trial court to exercise its discretion. N.C. R. Civ. P. 52(b) (emphasis added). Therefore, we consider an appeal of a Rule 52 motion for an abuse of discretion. Where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discretion. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

When the trial court is not required to find facts and make conclusions of law and does not do so, it is presumed that the court relied upon proper evidence to support its judgment. *Watkins v. Hellings*, 321 N.C. 78, 82, 361 S.E.2d 568, 571 (1987) (citations and quotations omitted). As previously discussed, the trial court here was not required to make findings of fact for an order granting a motion to dismiss, and the parties did not request findings at the time of the hearing.

Plaintiff does not provide, and we do not find, case law wherein a Rule 52(b) motion for an amended order is appropriate, without any initial findings of fact or conclusions of law, to set aside a trial court's dismissal for failure to join a necessary party. As discussed above, Plaintiff's motion for amended order essentially requested reconsideration and, effectively, sought permission for him to amend his complaint to add a necessary party. As a general rule, once a judgment is entered, amendment of

the complaint is not allowed unless the judgment is set aside or vacated under Rule 59[2] or 60. *Chrisalis Props., Inc. v. Separate Quarters, Inc.*, 101 N.C. App. 81, 89, 398 S.E.2d 628, 634 (1990).

Thus, in denying a motion not authorized under Rule 52(b) and one that sought relief that is generally precluded in this posture of litigation, we hold the trial court did not abuse its discretion when it denied Plaintiff's Rule 52(b) motion to amend the Dismissal Order. Accordingly, we affirm the ruling of the trial court.

## III.    CONCLUSION

After review of the issues, this Court does not have jurisdiction over the Dismissal Order. We, therefore, dismiss all issues on appeal associated with that order. Additionally, we affirm the trial court's order denying Plaintiff's motion to amend the Dismissal Order.

DISMISSED IN PART, AFFIRMED IN PART.

Judges TYSON and COLLINS concur.

---

[2] Alternatively, Plaintiff, in his briefing, not in his motion before the trial court, invokes Rule 59 as a basis for his motion for amended judgment. *See Harrell v. Whisenant*, 53 N.C. App. 615, 617, 281 S.E.2d 453, 454 (1981) ("A motion is properly treated according to its substance rather than its label."). Plaintiff argues that the order granting the motion to dismiss was based upon an error in law, which is grounds for relief identified in Rule 59 of the North Carolina Rules of Civil Procedure. N.C. R. Civ. P. 59 (a)(8) (2021). However, this Court has held that Rule 59 does not apply to pre-trial rulings. *Doe v. City of Charlotte*, 273 N.C. App. 10, 18, 848 S.E.2d 1, 8 (2020).