SPIVEY v. WRIGHT'S ROOFING

[225 N.C. App. 106 (2013)]

DENNIS RAY SPIVEY, Plaintiff
v.
WRIGHT'S ROOFING, Employer/Subcontractor, NONINSURED; RANDY WRIGHT,
Individually; AMS STAFF LEASING, Employer; DALLAS NATIONAL INSURANCE,
Carrier for Wright's Roofing and AMS Staff Leasing; CRAWFORD & COMPANY,
Administrator/Servicing Agent for Dallas National Insurance; BOYET BUILDERS,
General Contractor; and AUTO-OWNERS INSURANCE, Carrier
[for Boyet Builders], Defendants

No. COA12-270

Filed 15 January 2013

1. **Workers' Compensation—Form 60 admission of liability—unilateral mistake—no relief**

    Defendants forfeited the ability to challenge their responsibility for paying plaintiff workers' compensation benefits by filing a Form 60. In doing so, defendants admitted the compensability of plaintiff's claim and their liability for making the necessary benefit payments, so that the basis for relief was a claim of unilateral mistake. An employer or carrier is not entitled to relief from a Form 60 based solely upon the fact that the party making the filing failed to adequately investigate all relevant issues before conceding compensability or liability.

2. **Workers' Compensation—uninsured employer—subcontractor—coverage previously carried**

    The Industrial Commission did not err by failing to hold Boyet Builders, a contractor, liable for plaintiff's workers' compensation benefits under N.C.G.S. § 97-19 on the grounds that plaintiff was employed by a subcontractor that did not obtain workers' compensation coverage. It was held elsewhere in the opinion that the carrier for plaintiff's immediate employer was liable for plaintiff's workers' compensation benefits.

3. **Appeal and Error—motion for sanctions—frivolous appeal—denied**

    The motion of three of the defendants for sanctions against other defendants under N.C. R. App. P. 34(a) for filing a frivolous appeal in a workers' compensation case was denied. Although the position of the appealing defendants was not strong and the underlying theme of the appeal was more equitable than legal in nature, the Court of Appeals denied the motion in its discretion.

Appeal by defendants from Opinion and Award entered 2 December 2011 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 August 2012.

*Crumley Roberts, LLP, by Michael T. Brown, Jr., for Plaintiff-appellee.*

*McAngus Goudelock and Courie, by Daniel L. McCullough, for Defendant-appellees Boyet Builders and Auto-Owners Insurance.*

*Teague Campbell Dennis & Gorham, L.L.P., by John A. Tomei and Tara D. Muller, for Defendant-appellants*

ERVIN, Judge.

Defendants AMS Staff Leasing, Dallas National Insurance Co., and Crawford & Company[1] appeal from a Commission order awarding Plaintiff Dennis Ray Spivey medical and disability benefits. On appeal, Defendants argue that the Commission erred by determining that they were bound by the Industrial Commission Form 60 which they had previously filed and by failing to determine that Defendant Boyet Builders was liable for payment of any workers' compensation benefits to which Plaintiff was entitled. After careful consideration of Defendants' challenges to the Commission's order in light of the record and the applicable law, we conclude the Commission's order should be affirmed.

## I. Factual Background

### A. Substantive Facts

Plaintiff was employed by Wright's Roofing, which was a sole proprietorship owned by Randy Wright, between 2005 and 2008. During that time, Plaintiff worked either part-time or full-time, depending on availability of work, and was paid, for most of that period, by Wright's Roofing.

At some point during Plaintiff's initial period of employment, Mr. Wright contracted with AMS Staffing, a company that provides administrative services such as handling payroll, tax, and workers'

---

1. The present appeal has been taken by Defendants AMS Staff Leasing, Dallas National Insurance, Co., and Crawford & Company, all of whom will be referred to collectively throughout the remainder of this opinion as "Defendants." The non-appealing defendants, Wright's Roofing, Boyet Builders, and Auto-Owners Insurance, will be identified by name as necessary.

compensation insurance-related issues. According to the arrangement between Wright's Roofing and AMS Staffing, after Mr. Wright designated an employee as being "employed by" AMS Staffing, the employee would fill out an AMS Staffing form, Wright's Roofing would pay AMS Staffing for the work performed by the employee, and AMS Staffing would issue a paycheck to the employee. AMS Staffing also assumed responsibility for procuring workers' compensation coverage for the Wright's Roofing employees whose employment had been reported to AMS Staffing.

In October 2008, Plaintiff was asked to complete the forms required by AMS Staffing. After that time, Plaintiff's paychecks were issued by AMS Staffing, which withheld taxes and took care of other required deductions. In September, 2009, Plaintiff stopped working for Wright's Roofing due to a lack of available work. After Plaintiff stopped working for Wright's Roofing, Mr. Wright submitted a termination form to AMS Staffing in which Wright's Roofing informed AMS Staffing that Plaintiff was no longer employed by that business.

After a six or seven month gap, Plaintiff returned to work for Wright's Roofing in 2010. Upon returning to work at Wright's Roofing, Plaintiff performed the same essential tasks that he had performed during his earlier period of employment. Plaintiff did not, however, complete any AMS Staffing forms when he came back to work at Wright's Roofing. Instead, Plaintiff was paid with checks drawn on a Wright's Roofing account. At that time, only one of Wright's Roofing's employees was registered with AMS Staffing; Wright's Roofing paid for workers' compensation coverage for this single employee, but failed to provide workers' compensation insurance for its other employees.

On 28 June 2010, Plaintiff was working on a residential roof at a job for which Defendant Boyet Builders, the general contractor, had hired Wright's Roofing as a subcontractor. As of that date, Wright's Roofing had not provided Boyet Builders with a certificate attesting that it was in compliance with applicable workers' compensation insurance requirements. On that date, Plaintiff fell from a ladder and suffered an admittedly compensable leg fracture for which Plaintiff was hospitalized and underwent surgery. As of the date of the hearing in this matter, Plaintiff had not yet returned to full time work.

B.  Procedural History

On 19 July 2010, Plaintiff filed a Form 18 in which he formally reported the accident in which he had been involved and asserted a

claim for workers' compensation benefits. Plaintiff filed an amended Form 18 on 22 July 2010. On 31 August 2010, Defendants filed a Form 60 in which they admitted that Plaintiff was entitled to receive workers' compensation benefits. On the same date, Defendant Crawford sent Plaintiff's counsel an email stating that:

> Our client, Dallas National Ins., has agreed to accept this claim on a Form 60. We have requested TTD [(temporary total disability)] from 6-30 thru 8-31, 10 weeks, be issued and sent to Mr. Spivey. Additional TTD will be paid weekly. Related medical expenses will be paid in accordance with the fee schedule. Please acknowledge receipt and advise that you will waive the interrogatory responses.

In addition, Defendants sent a letter to Plaintiff's counsel in which a copy of the filed Form 60 was enclosed and by means of which Defendants advised Plaintiff's counsel that a disability check "should be coming to your client[.]" Pursuant to the filed Form 60, Defendants began paying weekly disability benefits at the rate of $342.18 covering the period from 30 June 2010 through 7 September 2010, resulting in total benefit payments of $3,763.00.

On 15 September 2010, Defendants filed a Form 63 and a Form 61 by means of which they denied liability and ceased making indemnity payments as of that date. Defendants informed the Commission that, after they filed the Form 60, they had "determined that they have no workers['] compensation coverage" applicable to Plaintiff and were "withdrawing" their Form 60. In response, Plaintiff filed a motion requesting that Defendant be ordered to continue making temporary total disability payments. Defendants replied to Plaintiff's motion by asserting that, after filing the Form 60, they had "discovered evidence" that entitled them to withdraw the Form 60 and to deny Plaintiff's claim. On 22 October 2010, the Commission issued an administrative order denying Plaintiff's motion and directing Plaintiff to "file a Form 33 to request an evidentiary hearing" at which the relevant issues would be addressed. As a result, on 27 October 2010, Plaintiff filed a Form 33 requesting that the extent to which Defendants were entitled to withdraw the Form 60 and contest their liability for Plaintiff's workers' compensation benefits be set for hearing.

On the same date, Plaintiff filed a second amended Form 18 in which he named Wright's Roofing as Plaintiff's employer, Dallas National as Wright's carrier, and Boyet Builders as the general con-

tractor at the construction project at which Plaintiff was working when he was injured. Boyet Builders filed a response to Plaintiff's request for a hearing in which it stated that Plaintiff was not its employee, that it was not liable as a statutory employer pursuant to N.C. Gen. Stat. § 97-19, and that "[Dallas National] has already accepted the compensability of this claim via a Form 60 dated August 31, 2010 and has therefore incurred liability for benefits." On 5 January 2011, Boyet Builders denied Plaintiff's claim for workers' compensation benefits. On 17 January 2011, Plaintiff filed another Form 33 in which he contended that, after Dallas National filed a Form 60, it had "unilaterally, without Commission approval, stopped paying benefits."

A hearing was conducted before Deputy Commissioner Adrian Phillips on 9 February 2011. During this hearing, Plaintiff moved that Defendants be directed to reinstate temporary total disability benefits pending a final decision regarding liability. Deputy Commissioner Phillips allowed Plaintiff's motion on 21 February 2011. On 19 May 2011, Deputy Commissioner Phillips entered an order holding Boyet Builders and Auto-Owners Insurance liable for Plaintiff's workers' compensation benefits and ordering them to pay medical and temporary total disability benefits. On 24 May 2011, Boyet Builders and Auto Owners Insurance appealed to the Commission from Deputy Commissioner Phillips' order.

The Commission heard this case on 6 October 2011. On 2 December 2011, the Commission, by means of an order issued by Commissioner Danny Lee McDonald with the concurrence of Commission Chair Pamela T. Young and Commissioner Christopher Scott, determined that Defendants had no legal basis to withdraw the Form 60 which they had initially filed, and ordered Defendants to pay temporary total disability and medical benefits to Plaintiff. The Commission also concluded that Wright's Roofing did not have workers' compensation insurance applicable to Plaintiff on the date of his injury and imposed a fine upon Mr. Wright for failing to comply with the Workers' Compensation Act. Defendants noted an appeal to this Court from the Commission's order.

## II. Legal Analysis

### A. Standard of Review

"The standard of review in workers' compensation cases has been firmly established by the General Assembly and by numerous decisions of this Court. . . . Under the Workers' Compensation Act,

'[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.' Therefore, on appeal from an award of the Industrial Commission, review is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.' " *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (quoting *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 115, 530 S.E.2d 549, 552 (2000), and *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (internal citation omitted)). "[F]indings of fact which are left unchallenged by the parties on appeal are 'presumed to be supported by competent evidence' and are, thus 'conclusively established on appeal.' " *Chaisson v. Simpson*, 195 N.C. App. 463, 470, 673 S.E.2d 149, 156 (2009) (quoting *Johnson v. Herbie's Place*, 157 N.C. App. 168, 180, 579 S.E.2d 110, 118, *disc. review denied*, 357 N.C. 460, 585 S.E.2d 760 (2003)). The "Commission's conclusions of law are reviewed de novo." *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004) (citation omitted). We will now utilize this standard of review in order to evaluate Defendants' challenges to the Commission's order.

## B. Effect of Filing a Form 60

### 1. Applicable Legal Principles

According to N.C. Gen. Stat. § 97-82(b):

> Payment pursuant to [N.C. Gen. Stat. §] 97-18(b) or payment pursuant to [N.C. Gen. Stat. §] 97-18(d) when compensability and liability are not contested prior to expiration of the period for payment without prejudice, shall constitute an award of the Commission on the question of compensability of and the insurer's liability for the injury for which payment was made. Compensation paid in these circumstances shall constitute payment of compensation pursuant to an award under this Article.

In other words, "[t]he employer's filing of a Form 60 is an admission of compensability. Thereafter, the employer's payment of compensation pursuant to the Form 60 is an award of the Commission on the issue of compensability of the injury." *Perez v. American Airlines/AMR Corp.*, 174 N.C. App. 128, 135-36, 620 S.E.2d 288, 293

(2005) (citing *Sims v. Charmes/Arby's Roast Beef*, 142 N.C. App. 154, 159, 542 S.E.2d 277, 281, *disc. review denied*, 353 N.C. 729, 550 S.E.2d 782 (2001), and *Calhoun v. Wayne Dennis Heating & Air Cond.*, 129 N.C. App. 794, 798, 501 S.E.2d 346, 349 (1998), *disc. review dismissed*, 350 N.C. 92, 532 S.E.2d 524 (1999)), *disc. review improvidently allowed*, 360 N.C. 587, 634 S.E.2d 887 (2006). Thus, an employer who files a Form 60 waives the right to contest a claim that it is liable for a claimant's injury:

> In *Olivares-Juarez v. Showell Farms*, 138 N.C. App. 663, 532 S.E.2d 198 (2000), the employer made direct payments to the injured employee pursuant to [N.C. Gen. Stat.] § 97-18(d), using the Industrial Commission Form 63 . . . beyond the 90-day statutory period[.] . . . [T]he employer had waived its right to contest the compensability of or its liability for the employee's injury. The status of the employer who pays compensation without prejudice beyond the statutory period is therefore the same as the employer who files Form 60 pursuant to [N.C. Gen. Stat.] § 97-18(b). That is, in both circumstances the employers will be deemed to have admitted liability and compensability.

*Sims v. Charmes*, 142 N.C. App. at 159, 542 S.E.2d at 281.

As a general rule, once a party has filed a Form 60, that filing will not be set aside on the basis of the party's unilateral mistake or failure to investigate the claim prior to admitting liability. For example, in *Higgins v. Michael Powell Builders*, 132 N.C. App. 720, 515 S.E.2d 17 (1999), the carrier admitted liability for the claimant's injury by filing a Form 63 and failing to contest the claim within 90 days.[2] Subsequently, the carrier unsuccessfully sought relief from the binding effect of the Form 63 on the grounds of excusable neglect, mutual mistake, or newly discovered evidence, based on the defendant's contention that the claimant was a subcontractor rather than an employee. On appeal, we affirmed the Commission's determination

---

2. A Form 63 is filed pursuant to N.C. Gen. Stat. § 97-18(d), which provides that, if "the employer or insurer is uncertain on reasonable grounds whether the claim is compensable or whether it has liability for the claim under this Article, the employer or insurer may initiate compensation payments without prejudice and without admitting liability." However, "[i]f the employer or insurer does not contest the compensability of the claim or its liability therefor within 90 days from the date it first has written or actual notice of the injury or death . . . it waives the right to contest the compensability of and its liability for the claim" in the absence of newly-discovered evidence.

that the "plaintiff's employment status was 'at all times reasonably discoverable' by both the employer and the carrier" and held that:

> Having failed to reasonably investigate the claim, [Defendant] cannot now assert that the information was not reasonably available. Pursuant to the provisions of [N.C. Gen. Stat.] § 97-18(d), defendants have waived their right to contest the compensability of plaintiff's injuries, and the award of compensation has become final as provided by [N.C. Gen. Stat.] § 97-82(b).

*Higgins*, 132 N.C. App at 7225, 515 S.E.2d at 20. In addition, we also held that an award resulting from a filed Form 60 could not be set aside on the grounds of "mutual mistake:"

> Because the doctrines of mutual mistake, misrepresentation, and fraud generally apply to *agreements* between parties, these doctrines will not provide grounds to set aside an award not based upon such an agreement. . . . The Commission's award does not adopt an agreement between the parties; rather, the award derives from defendant's unilateral initiation of payment of compensation and subsequent failure to contest the claim under [N.C. Gen. Stat.] § 97-18(d). Therefore, the doctrines of mutual mistake, misrepresentation, and fraud do not operate to afford [Defendant] relief from the award.

*Higgins* at 726-27, 515 S.E.2d at 21-22 (emphasis in original) (citing *McAninch v. Buncombe County Schools*, 347 N.C. 126, 132, 489 S.E.2d 375, 379 (1997), and *Creech v. Melnik*, 347 N.C. 520, 527, 495 S.E.2d 907, 911-12 (1998)) (other citations omitted). As a result, well-established North Carolina law clearly places the burden on the employer or carrier to determine whether a particular claim is compensable and whether the employer or carrier is liable before filing a Form 60.

The principle that an employer or carrier is not entitled to relief from a Form 60 on unilateral mistake grounds is consistent with other decisions holding that a workers' compensation award will not be set aside based upon a party's unilateral mistake. For example, in *Smith v. First Choice Servs.*, 158 N.C. App. 244, 249, 580 S.E.2d 743, 748, *disc. review denied*, 357 N.C. 461, 586 S.E.2d 99 (2003), the claimant was an officer of the employer. On appeal, we affirmed the Commission's decision that, because the workers' compensation pol-

icy included coverage for company officers, the carrier was liable for the plaintiff's compensable injury even though the extension of coverage to officers in the relevant policy provisions may have resulted from a unilateral mistake on the part of the carrier. *See also Brookover v. Borden, Inc.*, 100 N.C. App. 754, 398 S.E.2d 604 (1990), *disc. review denied*, 328 N.C. 270, 400 S.E.2d 450 (1991) (holding that a unilateral mistake by an unrepresented claimant would not support a decision to set aside a settlement agreement that the plaintiff had signed). Similarly, this rule is consistent with the basic principle that " '[t]he duty to read an instrument or to have it read before signing it, is a positive one, and the failure to do so, in the absence of any mistake, fraud or oppression, is a circumstance against which no relief may be had, either at law or in equity.' " *Mills v. Lynch*, 259 N.C. 359, 362, 130 S.E.2d 541, 543-44 (1963) (quoting *Furst v. Merritt*, 190 N.C. 397, 402, 130 S.E. 40, 43 (1925)).

In recognition of the fact that a Form 60 may not be set aside based upon a unilateral mistake by the employer or carrier, we recently upheld the imposition of sanctions against defendants who persisted in challenging a previously-filed Form 60 on such a basis. In *Kennedy v. Minuteman Powerboss*, ___ N.C. App ___, 725 S.E.2d 923 (2012) (2012 N.C. App. LEXIS 670) (unpublished), the carrier filed a Form 60 which it later tried to withdraw on the grounds that, at the time it filed the Form 60, it had not known that the claimant had suffered an earlier back injury for which he was taking pain medication. The Commission sanctioned Defendants for stubborn, unfounded litigiousness based on their decision to continue to prosecute a motion to set aside the Form 60 on this basis. On appeal, we upheld the Commission's decision to impose sanctions, stating that:

> First, the Full Commission properly concluded, as a matter of law, that a Form 60 cannot be set aside based upon mutual mistake. Second, "an employer who files a Form 60 pursuant to N.C. Gen. Stat. § 97-18(b)," . . . "will be deemed to have admitted liability and compensability." . . . Had defendants wished to investigate either the incident or [claimant's] medical history, they could have filed a Form 63, pursuant to N.C. Gen. Stat. § 97-18(d), which would have allowed them to investigate the compensability of [his] accident. . . . [D]efendants, after admitting compensability via a Form 60, continued to challenge that admitted compensability based upon (1) a legally impossible basis and (2) their own lack of due diligence.

*Kennedy*, 2012 N.C. LEXIS 670, \*14 (citing *Higgins*, 132 N.C. App. at 726-27, 515 S.E.2d at 21-22, and quoting *Barbour v. Regis Corp.*, 167 N.C. App. 449, 453, 606 S.E.2d 119, 123 (2004)) (footnote omitted). As a result, this Court has made it crystal clear that an employer or carrier is not entitled to relief from a Form 60 based solely upon the fact that the party making the filing failed to adequately investigate all relevant issues before conceding compensability or liability.

## 2.  Discussion

**[1]** On 31 August 2010, Defendants filed a Form 60, "Employer's Admission of Employee's Right to Compensation ([N.C. Gen. Stat.] § 97-18(b)," which listed Wright's Roofing as Plaintiff's employer and Dallas National c/o Crawford & Co. as the responsible insurance carrier. By filing this Form 60, Defendants admitted the compensability of Plaintiff's claim and their liability for making the necessary benefit payments. As a result, given that the basis upon which they seek relief from the Form 60 rests upon a claim of unilateral mistake, Defendants have forfeited the ability to challenge their responsibility for paying workers' compensation benefits to Plaintiff.

In seeking to persuade us to reach a contrary conclusion, Defendants initially argue that a Form 60 "does not bind a non-employer." In other words, Defendants contend that, because Plaintiff's return to Wright's Roofing's employment had not been reported to AMS Staffing at the time of his injury, he was not a co-employee of AMS Staffing and Wright's Roofing, a fact which, in their view, means that Defendants are not bound by the Form 60. We do not find this argument persuasive.

This Court rejected an argument similar to Defendants' that their filing of a Form 60 does "not bind a non-employer" in *Higgins*, In that case, the defendants sought to have a Form 63 set aside on the grounds that, rather than being "an employee of [the employer,]" the plaintiff "was, instead, a subcontractor." In upholding the Commission's decision to reject the defendants' position, we noted that "[the claimant's] employment status was 'at all times reasonably discoverable' by both the employer and the carrier." *Higgins*, 132 N.C. App. at 722, 724, 515 S.E.2d at 19, 20. Defendants have not argued that Plaintiff's employment status was not "reasonably discoverable" or made any other attempt to distinguish *Higgins* from the present case. As a result, we conclude that Defendants' contention that questions about Plaintiff's employment status provides support for a decision to revisit the Form 60 lacks adequate legal support.

Secondly, Defendants argue that they are nothing more than "an innocent third party who simply made a mistake" and argue that, unless the Commission's decision is reversed:

> [A]ny employer, no matter how far removed from the plaintiff, who accidentally files a Form 60, would be forever prohibited from fixing his mistake and denying liability, <u>even when, as in this case, another carrier is on the risk</u>. Under that rationale, if Grocery Store tries to file a Form 60 for its employee Bob Smith but accidentally misspells the name and files one for Bob Smyth, a mechanic injured while working for Auto Body Shop, then Grocery Store would be held liable for paying the claim of Bob Smyth, even if Grocery Store quickly discovers and tries to retract the Form.

(emphasis in original). In addition, Defendants assert that, if the Commission's order is upheld, "one mistake by a well-meaning servicing agent, even one who is completely unrelated to the injured employee, is forever irreparable." We are not persuaded that this set of policy-based concerns justifies a decision to reverse the Commission's order.

As an initial matter, the facts at issue here bear no resemblance to the hypothetical scenario outlined by Defendants, given that Defendants are not strangers lacking any connection to Plaintiff. The undisputed evidence contained in the present record shows that (1) Wright's Roofing was subject to the Workers' Compensation Act and, therefore, legally required to obtain workers' compensation insurance for its employees, including Plaintiff; (2) Mr. Wright contracted with AMS Staffing for the purpose of, among other things, obtaining workers' compensation insurance for designated employees, with Dallas National being the carrier responsible for covering Wrights' Roofing's employees under this arrangement; and (3) Plaintiff had previously been one of the designated employees for whom AMS Staffing had provided workers' compensation insurance coverage and, when Plaintiff returned to work for Wright's Roofing, the company should have required him to complete the relevant AMS Staffing forms, but did not do so. As a result, Defendants were not "completely unrelated" to Plaintiff's employment; on the contrary, they were the parties with whom Wright's Roofing had previously contracted for the purpose of obtaining workers' compensation coverage applicable to Plaintiff and with whom Plaintiff should have been covered at the time of his injury.

In addition, we are unable to agree with Defendants' contention that a decision to uphold the Commission's order would make it possible for an "innocent third party" to accidentally incur liability for the workers' compensation benefits owed to a claimant with whom it had no relationship. A properly completed Form 60 must indicate (1) the claimant's name, address, phone number, and date of birth; (2) the claimant's employer and the employer's insurance carrier; and (3) the date of the claimant's injury and the nature of the injury. As should be obvious, the inclusion of this information will correctly identify the specific claimant and distinguish him or her from some other person with a similarly spelled name. Thus, we do not believe that a decision to uphold the Commission's order will result in the imposition of liability upon entities with utterly no relationship to a claimant, as Defendants suggest.

Finally, we reject Defendants' remaining justifications for setting aside the Form 60. For example, Defendants argue that the Form 60 should be set aside due to "mutual mistake." However, as discussed above, we have previously held that the doctrine of mutual mistake is not applicable to a workers' compensation award made pursuant to a Form 60. *Higgins*, 132 N.C. App. at 726-27, 515 S.E.2d at 21-22. In addition, Defendants contend that, since a Form 60 is treated as a Commission decision, it should be subject to revision or modification pursuant to the Commission's inherent authority to vacate an award that "it admits is contrary to law." However, we have concluded that the Commission's decision is not "contrary to law," a fact which precludes application of the authority upon which Defendants rely. Although Defendants argue that they should not be estopped from denying liability, the Commission expressly determined that the Form 60 "cannot be set aside, rendering the issue of estoppel moot." For that reason, we need not reach the estoppel issue. Finally, Defendants cite no authority for their contention that the Form 60 that they filed may be set aside because they did not determine, prior to filing, that Plaintiff was no longer a designated co-employee covered by their workers' compensation policy, and we know of none. As a result, for all of these reasons, we conclude that the Commission properly determined that Defendants were not entitled to have the Form 60 in which they admitted liability to Plaintiff set aside.

## C. Liability of Boyet Builders

[2] Secondly, Defendants argue that the Commission erred by failing to hold Boyet Builders responsible for paying Plaintiff's workers'

compensation benefits pursuant to N.C. Gen. Stat. § 97-19. We are unable to agree with Defendants' contention.

N.C. Gen. Stat. § 97-19 provides, in pertinent part, that:

> Any principal contractor . . . who shall sublet any contract for the performance of any work without requiring from such subcontractor . . . a certificate of compliance . . . stating that such subcontractor has complied with [N.C. Gen. Stat. §] 97-93 hereof, shall be liable . . . to the same extent as such subcontractor would be if he were subject to the provisions of this Article for the payment of compensation and other benefits. . . .

As this Court has previously noted, "the 'chain of liability [for making workers' compensation payments] extends from the immediate employer of the injured employee up the chain to the first responsible contractor who has the ability to pay.' " *Robertson v. Hagood Homes, Inc.*, 160 N.C. App. 137, 145, 584 S.E.2d 871, 876 (2003) (quoting from Commission's order). As a result, "[N.C. Gen. Stat. §] 97-19 applies only when two conditions are met. First, the injured employee must be working for a subcontractor doing work which has been contracted to it by a principal contractor. Second, the subcontractor does not have workers' compensation insurance coverage covering the injured employee." *Rich v. R.L. Casey, Inc.*, 118 N.C. App. 156, 159, 454 S.E.2d 666, 667 (1995) (citing *Zocco v. U.S. Dept. of Army*, 791 F. Supp. 595, 599 (E.D.N.C. 1992)), *disc. rev. denied*, 340 N.C. 360, 458 S.E.2d 190 (1995). As a result, Boyet Builders is not liable for Plaintiff's workers' compensation benefits in the absence of a determination that no coverage is available through Plaintiff's immediate employer, Wright's Roofing.

In view of Defendants' apparent recognition of this limitation on Boyet Builder's liability, they claim that Boyet Builders should be held liable for Plaintiff's workers' compensation benefits "in the absence of any other workers' compensation insurance coverage as more fully explained" earlier in their brief. However, we have already upheld the Commission's decision that the carrier for Plaintiff's immediate employer is liable for Plaintiff's workers' compensation benefits. Given that this aspect of Defendant's challenge to the Commission's order rests on an inadequate factual basis and given Defendants' failure to cite any authority for the proposition that a general contractor should be held liable when the immediate employer's carrier has admitted its liability, we conclude that the Commission did not err by

failing to hold Boyet Builders liable for Plaintiff's workers' compensation benefits.

## D. Motion for Sanctions

[3] Finally, N.C.R. App. P. 34(a) provides that an appellate court "may, on its own initiative or motion of a party, impose a sanction against a party or attorney or both when the court determines that an appeal . . . was frivolous because of one or more of the following: (1) the appeal was not well grounded in fact and was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." On 22 June 2012, Boyet Builders and Auto-Owners Insurance filed a motion seeking the imposition of sanctions on Defendants on the grounds that their appeal "is frivolous, not supported by any factual evidence in the record, not warranted by existing and well-established law, and sets forth no good argument for modifying the same." In support of their motion, these parties note that the law is settled as to an employer's or carrier's liability upon filing a Form 60, that Defendants failed to distinguish *Higgins*, and cite *Kennedy*, in which we upheld the imposition of sanctions by the Commission under circumstances similar to this case. On 2 July 2012, Defendants filed a response to the motion for sanctions in which they argued that the Commission erroneously "allowed the general contractor to walk away with no penalty or any obligation to pay anything to plaintiff" "solely on the basis that [Defendants] had accidentally admitted compensability shortly after the accident, based on the mistaken belief that plaintiff was employed through AMS." In addition, Defendants contend that, because they "prevailed at the Deputy Commissioner level of the Industrial Commission on all pending issues" it was "entirely reasonable for AMS/Dallas/Crawford to appeal the Full Commission's reversal."

As we have already demonstrated, the Commission correctly ruled that Defendants were bound by their admission of compensability. Although we agree with Boyet Builders and Auto-Owners Insurance that Defendants' position was not a strong one and interpret the underlying theme of Defendants' challenge to the Commission's order to be more equitable than legal in nature, we conclude, "[i]n our discretion," that sanctions should not be imposed upon counsel pursuant to Rule 34. *State v. Hudgins*, 195 N.C. App. 430, 436, 672 S.E.2d 717, 721 (2009). As a result, the motion for sanctions is denied.

STATE OF N.C. EX REL. UTILS. COMM'N v. CAROLINA WATER SERV. INC. OF N.C.

[225 N.C. App. 120 (2013)]

## III. Conclusion

Thus, for the reasons discussed above, we conclude that none of Defendants' challenges to the Commission's order have any merit and that Defendants' counsel should not be subject to sanctions pursuant to N.C.R. App. P. 34 for pursuing a frivolous appeal. As a result, the Commission's order should be, and hereby is, affirmed, and Boyet Builders' and Auto-Owners Insurance's motion for sanctions should be, and hereby is, denied.

AFFIRMED; MOTION FOR SANCTIONS DENIED.

Judges ROBERT N. HUNTER, JR., and McCULLOUGH concur.