ELMORE, Judge.
 

 *223
 
 Charles R. Bloomquist, Caroline Bloomquist, Sidney Hawes, and Kate Hawes (defendants) appeal from the trial court's order granting Joseph A. Maldjian and Mariana Maldjian's (plaintiffs) motion to compel production of Exhibit A and Exhibit B. Plaintiffs attempt to cross-appeal part of the trial court's order denying plaintiffs' motion to compel production of Exhibit C. Defendants filed a motion to dismiss plaintiffs' purported cross-appeal and a motion for sanctions. Consistent with defendants' motion, we dismiss plaintiffs' cross-appeal but we deny defendants' motion for sanctions. After careful consideration, we affirm the trial court's order.
 

 I. Background
 

 In 2013, the Bloomquists purchased land from plaintiffs for their daughter, Kate Hawes, and son-in-law, Sidney Hawes. Pursuant to a general warranty deed recorded 20 May 2013, plaintiffs conveyed the land at 1803 Cana Road in Mocksville (the Cana Road property) to the Bloomquists. Kate and Sidney Hawes leased the property from the Bloomquists. The substantive issue underlying this lawsuit is a dispute over the deed: the Maldjians claim that they only conveyed twenty-two acres whereas the Bloomquists claim they purchased the full sixty-two acre tract. According to the Offer to Purchase and Contract, twenty-two acres were to be surveyed. The brief description on the deed states "62.816 acres Cana Road." The current appeal only pertains to the discovery stage of the proceeding.
 

 *224
 
 On 26 February 2014, Mariana Maldjian e-mailed Kate and Sidney Hawes stating,
 
 inter alia,
 

 [T]here was an error on the deed, and it listed the full 63 acres, instead of just the 22 acres that your parents had purchased....
 

 [T]he taxes were paid for this year by Dr. Bloomquist for both your 22 acres, and for our 41 acres, and I want to facilitate the return of the tax money to Dr. Bloomquist for the tax he paid on our acreage.
 

 I don't have your parents email [sic], so please forward this note to them also. Thank you in advance for your cooperation in correcting this matter. I think there might be some misunderstanding with the neighbors, I assured them that there is no way you would try to take advantage of a situation that was so clearly just a mistake in recording the deed!
 

 After failing to reach an agreement regarding the deed, plaintiffs filed a complaint on 11 March 2014 asserting the following causes of action: reformation of deed, trespass, unjust enrichment, conversion, and theft. Plaintiffs later filed an amended complaint on 30 April 2014, asserting the same causes of action but adding a claim for rent against all defendants and a claim for punitive damages against the Bloomquists. The Davie County Superior Court entered an order on 2 July 2014 granting defendants' motion to dismiss plaintiffs' claims for trespass, conversion, and punitive damages with prejudice, and granting plaintiffs' oral motion to
 
 *83
 
 amend the amended complaint to allege that plaintiffs have no adequate remedy at law.
 

 Plaintiffs filed a request for production of documents and first set of interrogatories on 26 March 2014. Defendants responded, asserting attorney work product and attorney-client privilege regarding question number three, and joint defense privilege and marital privilege regarding question number five. As a result, plaintiffs filed a motion to compel, requesting that defendants produce the documents that they claim are protected by the joint defense privilege. In the motion, plaintiffs included the privilege log that defendants submitted and specifically requested that defendants disclose the 26-27 February 2014 e-mails, the 26 February 2014 e-mail, and the 10 March 2014 e-mails, arguing that they are not shielded by the joint defense privilege.
 

 *225
 
 On 15 December 2014, the trial court held a hearing and defendants submitted the e-mails at issue for
 
 in camera
 
 review. The court designated the e-mails as Exhibit A (26 February 2014 e-mail), Exhibit B (26-27 February 2014 e-mails), and Exhibit C (10 March 2014 e-mails). On 12 February 2015, the court entered an order granting plaintiffs' motion to compel production of Exhibit A and Exhibit B, and it denied plaintiffs' motion to compel production of Exhibit C. Defendants filed notice of appeal on 23 February 2015. Plaintiffs did not file notice of appeal. In plaintiffs' brief, they purport to cross-appeal the denial of their motion regarding Exhibit C. In response, defendants filed a motion to dismiss and a motion for sanctions because plaintiffs did not include their notice of cross-appeal in the record on appeal.
 

 II. Analysis
 

 "An order compelling discovery is generally not immediately appealable because it is interlocutory and does not affect a substantial right that would be lost if the ruling were not reviewed before final judgment."
 
 Sharpe v. Worland,
 

 351 N.C. 159
 
 , 163,
 
 522 S.E.2d 577
 
 , 579 (1999) (citations omitted). When "a party asserts a statutory privilege which directly relates to the matter to be disclosed under an interlocutory discovery order, and the assertion of such privilege is not otherwise frivolous or insubstantial, the challenged order affects a substantial right under sections 1-277(a) and 7A-27(d)(1)."
 
 Id.
 
 at 166,
 
 522 S.E.2d at 581
 
 .
 

 Defendants assert that this Court has jurisdiction because "this instant appeal involves an interlocutory order compelling discovery of materials purportedly protected by the work product doctrine[,]" codified at N.C. Gen.Stat. § 1A-1, Rule 26(b)(3). Defendants state that "orders compelling discovery of materials purportedly protected by ... the work product doctrine are immediately appealable[.]" Remarkably, defendants fail to cite to N.C. Gen.Stat. § 1-277(a) or N.C. Gen.Stat. § 7A-27 despite their request for sanctions against plaintiffs for violating N.C.R.App. P. 28(b)(4). Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure requires an appellant's brief to provide "[a] statement of the grounds for appellate review. Such statement
 
 shall
 
 include citation of the statute or statutes permitting appellate review."
 

 Nonetheless, we review defendants' appeal based on their argument that the e-mails are privileged under the work product doctrine.
 
 See
 

 Sharpe,
 

 351 N.C. at 166
 
 ,
 
 522 S.E.2d at 581
 
 (holding that the challenged order affects a substantial right when a party asserts a statutory privilege that is not frivolous or insubstantial);
 

 *226
 

 Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.,
 

 362 N.C. 191
 
 , 198,
 
 657 S.E.2d 361
 
 , 365 (2008) (Noncompliance with Rule 28(b), "while perhaps indicative of inartful appellate advocacy, does not ordinarily give rise to the harms associated with review of unpreserved issues or lack of jurisdiction[ ]" and "normally should not lead to dismissal of the appeal.").
 

 "Whether or not the party's motion to compel discovery should be granted or denied is within the trial court's sound discretion and will not be reversed absent an abuse of discretion."
 
 Patrick v. Wake County Dep't of Human Servs.,
 

 188 N.C.App. 592
 
 , 595,
 
 655 S.E.2d 920
 
 , 923 (2008) (citation omitted). "A trial court's actions constitute an abuse of discretion upon a showing that a court's actions are manifestly unsupported by reason and so arbitrary that [they] could not
 
 *84
 
 have been the result of a reasoned decision."
 

 Id.
 

 (quoting
 
 State v. T.D.R.,
 

 347 N.C. 489
 
 , 503,
 
 495 S.E.2d 700
 
 , 708 (1998) ) (quotations omitted).
 

 A. Order Granting Motion to Compel Production of Exhibit A and Exhibit B
 

 Defendants first argue, "[T]he trial court misapplied North Carolina jurisprudence when it partially granted plaintiffs' motion to compel based solely upon the incorrect legal standard 'for good cause shown.' " After acknowledging that a trial court is not required to make findings of fact and conclusions of law unless requested by a party, defendants argue that the trial court made an "incorrect conclusion of law." Plaintiffs state, "The argument reads as a technical 'gotcha' and lacks substantive merit."
 

 In its entirety, the trial court's order states,
 

 THIS MATTER CAME ON FOR HEARING before the undersigned at the 15 December 2014 Session of the Davie County, North Carolina, General Court of Justice, Superior Court Division on Plaintiffs' Motion to Compel. In response to Plaintiffs' Motion, Defendants submitted the e-mail communications at issue for
 
 in camera
 
 review and designated the e-mails as Exhibit A, Exhibit B and Exhibit C. After reviewing the e-mail communications
 
 in camera,
 
 reviewing the record in the case, authorities presented and arguments of counsel, and for good cause shown, the undersigned:
 

 (1) GRANTS Plaintiffs' Motion to Compel as to the e-mail communications submitted by Defendants to the court for
 
 in camera
 
 review as Exhibit A and Exhibit B and ORDERS Defendants to produce the e-mail communications within ten (10) days from entry of this Order; and
 
 *227
 
 (2) DENIES Plaintiffs' Motion to Compel as to the e-mail communication submitted by Defendants to the court for
 
 in camera
 
 review as Exhibit C.
 

 Pursuant to Rule 52 of the North Carolina Rules of Civil Procedure, findings of fact and conclusions of law are necessary only when requested by a party. N.C. Gen.Stat. § 1A-1, Rule 52(a)(2) (2013). "It is presumed, when the Court is not required to find facts and make conclusions of law and does not do so, that the court on proper evidence found facts to support its judgment."
 
 Sherwood v. Sherwood,
 

 29 N.C.App. 112
 
 , 113-14,
 
 223 S.E.2d 509
 
 , 510-11 (1976) (citations omitted).
 

 Here, neither party requested findings of fact and conclusions of law. We reject defendants' contention that the trial court misunderstood the appropriate legal standard regarding a motion to compel discovery of purportedly privileged documents based solely on its introductory statement. Rather, it is evident from the record that the trial court did not include its conclusions of law in the order and only entered its judgment.
 

 Alternatively, defendants argue that the trial court abused its discretion in granting plaintiffs' motion to compel because defendants established that the e-mails were shielded from discovery pursuant to the work product doctrine or the joint defense/common interest doctrine. Defendants claim, "Ms. Bloomquist's emails outline a defense strategy, identify pertinent materials to mount a defense, discuss of the selection of counsel to represent all defendants, and include interrelated mental impressions." We disagree.
 

 "[T]he party asserting work product privilege bears the burden of showing '(1) that the material consists of documents or tangible things, (2) which were prepared in anticipation of litigation or for trial, and (3) by or for another party or its representatives which may include an attorney, consultant, surety, indemnitor, insurer or agent.' "
 
 Evans v. United Servs. Auto. Ass'n,
 

 142 N.C.App. 18
 
 , 29,
 
 541 S.E.2d 782
 
 , 789 (2001) (citations omitted). "If a document is created in anticipation of litigation, the party seeking discovery may access the document only by demonstrating a 'substantial need' for the document and 'undue hardship' in obtaining its substantial equivalent by other means."
 
 Id.
 
 at 28,
 
 541 S.E.2d at 789
 
 (quoting N.C. Gen.Stat. § 1A-1, Rule 26(b)(3) ). "The protection is allowed not only [for] materials prepared after the other party has secured an attorney, but those prepared under
 
 *85
 
 circumstances in which a reasonable person might anticipate a possibility of litigation."
 
 Id.
 
 at 28,
 
 541 S.E.2d at 788-89
 
 (quoting
 
 *228
 

 Willis v. Power Co.,
 

 291 N.C. 19
 
 , 35,
 
 229 S.E.2d 191
 
 , 201 (1976) ) (quotations omitted). "Because work product protection by its nature may hinder an investigation into the true facts, it should be narrowly construed consistent with its purpose[,] which is to safeguard the lawyer's work in developing his client's case."
 
 Id.
 
 at 29,
 
 541 S.E.2d at 789
 
 (citations and quotations omitted).
 

 Pursuant to the abuse of discretion standard, defendants must establish that the trial court's determination was manifestly unsupported by reason and so arbitrary that it could not have been the result of a reasoned decision.
 
 See
 

 Patrick,
 

 188 N.C.App. at 595
 
 ,
 
 655 S.E.2d at 923
 
 . Here, however, the trial court's determination was the result of a reasoned decision. Defendants submitted the e-mails at issue to the trial court for
 
 in camera
 
 review. After hearing arguments from both parties and reviewing the record, the authorities presented, and the e-mails at issue, the trial court exercised its judgment in ordering defendants to produce Exhibit A and Exhibit B but determining that Exhibit C was protected. Moreover, we presume that the court, on proper evidence, found facts to support its judgment.
 
 See
 

 Sherwood,
 

 29 N.C.App. at 113-14
 
 ,
 
 223 S.E.2d at 510-11
 
 . Accordingly, the trial court made a reasoned decision and did not abuse its discretion.
 

 Because defendants present no binding authority to support their argument regarding the common interest doctrine, we take this issue as abandoned.
 
 See
 
 N.C.R.App. P. 28(b)(6) (2009).
 

 B. Defendants' Motion to Dismiss Plaintiffs' Cross-Appeal
 

 Defendants argue that "plaintiffs, as cross-appellants have failed to include notice of their cross-appeal in the record on appeal in this cause (COA 15-697) as mandated by Rules 3 and 9 of the North Carolina Rules of Appellate Procedure." Thus, defendants claim that plaintiffs' purported cross-appeal must be dismissed on jurisdictional grounds.
 

 Plaintiffs state that they filed a cross-appeal but included it in the record for related case COA 15-729 and not in the record for this case. Additionally, plaintiffs "fully concede that the appeal of a denial of a motion to compel is not, under North Carolina jurisprudence, ordinarily appealable before final judgment. Here, [plaintiffs] contend and ask this Court to review the one single document that was not ordered to be compelled because this partial denial of the motion is the exact same motion being appealed by the defendants." Alternatively, plaintiffs "ask this Court receive the cross-appeal as a petition for writ under Rule 21." The only authority that plaintiffs include is
 
 Bailey v. Gooding,
 

 301 N.C. 205
 
 , 209,
 
 270 S.E.2d 431
 
 , 434 (1980), citing it for the proposition that "[t]he purpose of not allowing interlocutory appeals is to prevent fragmentary and premature appeals."
 

 12
 
 *229
 
 "Under Rule 3(a) of the Rules of Appellate Procedure, a party entitled by law to appeal from a judgment of superior court rendered in a civil action may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties in a timely manner. This rule is jurisdictional."
 
 Crowell Constructors, Inc. v. State ex rel. Cobey,
 

 328 N.C. 563
 
 , 563,
 
 402 S.E.2d 407
 
 , 408 (1991) (citing
 
 Booth v. Utica Mutual Ins. Co.,
 

 308 N.C. 187
 
 ,
 
 301 S.E.2d 98
 
 (1983) ). "If the requirements of this rule are not met, the appeal must be dismissed."
 

 Id.
 

 (citing
 
 Currin-Dillehay Bldg. Supply v. Frazier,
 

 100 N.C.App. 188
 
 ,
 
 394 S.E.2d 683
 
 (1990) ). "The appellant has the burden to see that all necessary papers are before the appellate court."
 

 Id.
 

 (citing
 
 State v. Stubbs,
 

 265 N.C. 420
 
 ,
 
 144 S.E.2d 262
 
 (1965) ). "The notice of appeal must be contained in the record."
 

 Id.
 

 (citing
 
 Brady v. Town of Chapel Hill,
 

 277 N.C. 720
 
 ,
 
 178 S.E.2d 446
 
 (1971) ). Accordingly, because plaintiffs failed to include notice of appeal in the record in this case, we grant defendants' motion to dismiss plaintiffs' purported cross-appeal.
 

 C. Defendants' Motion for Sanctions
 

 Pursuant to Rules 34 and 37 of the Rules of Appellate Procedure, defendants move for "an order imposing monetary sanctions
 
 *86
 
 in the form of expenses, including reasonable attorney fees, incurred by defendants in having to defend against plaintiffs' frivolous interlocutory cross-appeal." They claim that monetary sanctions are "particularly necessary here given plaintiffs' egregious conduct."
 

 In
 
 Spivey v. Wright's Roofing,
 
 this Court denied a motion for sanctions, stating, "Although we agree ... that Defendants' position was not a strong one and interpret the underlying theme of Defendants' challenge to the Commission's order to be more equitable than legal in nature, we conclude, '[i]n our discretion,' that sanctions should not be imposed upon counsel pursuant to Rule 34."
 
 225 N.C.App. 106
 
 , 119,
 
 737 S.E.2d 745
 
 , 753-54 (2013) (quoting
 
 State v. Hudgins,
 

 195 N.C.App. 430
 
 , 436,
 
 672 S.E.2d 717
 
 , 721 (2009) ).
 

 Here, although plaintiffs attempt to raise a new issue via cross-appeal and failed to include notice of appeal in the record in this case, we do not think that sanctions are warranted. Accordingly, we deny defendants' motion.
 

 III. Conclusion
 

 The trial court did not abuse its discretion in granting plaintiffs' motion to compel production of Exhibit A and Exhibit B. We grant
 
 *230
 
 defendants' motion to dismiss plaintiffs' purported cross-appeal and we deny defendants' motion for sanctions.
 

 AFFIRMED.
 

 Judges CALABRIA and ZACHARY concur.