BRYANT, Judge.
Plaintiff Tim Mathis appeals from an order granting defendant Dorian M. Jones's motion to dismiss. For the following reasons, we dismiss plaintiff's appeal.
On 1 June 2017, plaintiff filed a complaint against defendant in the trial court alleging tortious interference with contracts, defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, and unfair and deceptive trade practices. In addition to seeking compensatory damages, plaintiff sought punitive damages, treble damages, and an injunction to prevent defamatory publications. On 3 August 2017, defendant filed a motion to dismiss for failure to state a claim upon which relief could be granted. N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2017). The trial court held a hearing on the motion on 28 August 2017, after which the court entered a 13 September 2017 order allowing the motion and dismissing plaintiff's complaint.
Before this Court, plaintiff contends that the trial court erred in dismissing his complaint. However, we must dismiss the appeal for failure to comply with our Appellate Rules in numerous respects.
The appellant's compliance with the jurisdictional rules governing the taking of an appeal is the linchpin that connects the appellate division with the trial division and confers upon the appellate court the authority to act in a particular case.[ ]...
A jurisdictional default, therefore, precludes the appellate court from acting in any manner other than to dismiss the appeal.
Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co. , 362 N.C. 191, 197, 657 S.E.2d 361, 364-65 (2008) (citations omitted).
In this case, plaintiff's failure to include the notice of appeal in the record results in jurisdictional default. See N.C.R. App. P. 9(a)(1) i. (2019) ("The record on appeal in civil actions and special proceedings shall contain ... a copy of the notice of appeal[.]"). As this Court has previously stated,
[u]nder Rule 3(a) of the Rules of Appellate Procedure, a party entitled by law to appeal from a judgment of superior court rendered in a civil action may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties in a timely manner. This rule is jurisdictional. If the requirements of this rule are not met, the appeal must be dismissed. The appellant has the burden to see that all necessary papers are before the appellate court. The notice of appeal must be contained in the record.
Maldjian v. Bloomquist , 245 N.C. App. 222, 229, 782 S.E.2d 80, 85 (2016) (citations omitted).
In Maldjian , this Court granted the defendants' motion to dismiss the plaintiffs' cross-appeal where the plaintiffs failed to include the notice of appeal in the record. Id. As in Maldjian , we must dismiss plaintiff's appeal for failure to include the notice of appeal in the record, and we grant defendant's motion to dismiss the appeal.
We also note that the record on appeal fails to include: proposed issues on appeal, see N.C.R. App. P. 9(a)(1)(k) ; a copy of the summons with return, or other papers showing jurisdiction of the trial court over persons or property, or a statement showing same, see N.C.R. App. P. 9(a)(1)(c) ; and a statement identifying the judge from whose order appeal is taken, the session at which the order was rendered, and the party appealing, see N.C.R. App. P. 9(a)(1)(b). "The appellate courts of this state have long and consistently held that the ... Rules of Appellate Procedure[ ] are mandatory and that failure to follow these rules will subject an appeal to dismissal." Steingress v. Steingress , 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999) (citations omitted).
Defendant also asks that this Court impose sanctions for "reasonable expenses, including reasonable attorney's fee, incurred because of the frivolous appeal," and "that this matter be remanded to the trial division for a hearing to determine the amount to be paid by [plaintiff] to [defendant] for the same." Although plaintiff failed in several respects to comply with the Rules of Appellate Procedure, we do not believe that sanctions are warranted. Accordingly, we deny defendant's motion for sanctions.
DISMISSED.
Report per Rule 30(e).
Judges DAVIS and INMAN concur.